BANK OF GLADE SPRINGS v. CHARLES F. PALMER and Wife,
Sue M. Palmer.

(Filed 30 November, 1910.)

1. Parties—Judgment—Laches—Employment of Attorney.

To set aside a judgment rendered against him on the ground
of excusable neglect, by reason of the inattention of counsel, the
party litigant must show that he had employed counsel who regu-
larly practiced in the court where the litigation was pending, or
entitled to practice therein, and had especially engaged him to go
there and attend to the case.

2. Judgments—Laches—Excusable Neglect—Process—Publication—
Right of Parties.

While the motion to set aside the judgment in this cause was
chiefly treated as a proceeding under Revisal, sec. 513, to afford
relief on the ground of mistake, surprise or excusable neglect, it
is more directly affected and controlled by sec. 449, the summons
having been served by publication.

3. Service — Publication — Judgment — "Good Cause" — Status of
Parties.

Revisal, sec. 449, among other things, provides that when ser-
vice of process has been made by publication "the defendant or
his representatives may, upon good cause shown, be allowed to
defend after judgment," etc., or upon such terms as may be just,
and a party of record bringing himself within its provisions has
the right to avail himself of any objection to the validity of the
judgment that he could have made, if he had been personally
present and made answer.

4. Same—Notice.

When a party to the record has brought himself within the
provisions of Revisal, sec. 449, by showing "good cause" he has
established his legal right to have the judgment rendered against
him by published summons set aside, which will not be lost from
neglect unless such neglect has arisen after actual notice of the
proceedings.

5. Same—Husband and Wife—Agency—Authorization.

In an action to set aside a deed made by the husband to his
wife on the ground that it was fraudulent as to the creditors of
the former, it appeared that service of summons was made by
publication, that actual notice was only given to the husband and
that judgment was rendered binding upon the husband by reason
of his laches in employing an attorney not authorized to practice
in this State, and who failed to make defense. *Held*, upon the

affidavit of the wife setting forth a valid defense, also, that she had neither knowledge nor notice of the pending suit until after judgment rendered, without legal evidence in contradiction, and that she then at once employed an attorney authorized to practice in the county to represent her, who acted promptly in his motion to set aside the judgment; and, further, there being no evidence that the husband's attorney acted for her or that she had authorized her husband to that effect, *held*, the judgment against her will be set aside and she will be allowed to answer.

APPEAL from *Long, J.,* at the Spring Term, 1910, of ASHE.

Motion to vacate a judgment. The action was to set aside a deed from Chas. F. Palmer to his wife, Sue M. Palmer, on the allegation that same was fraudulent as to creditors. Summons was issued in January, 1909, and defendants being non-residents, same was duly served by publication, verified complaint filed 11 January, 1909. At March Term, 1909, defendants failed to appear in person or by attorney, and at July Term, following, judgment was duly obtained. Among the findings of fact it was made to appear "that said July Term, 1909, convened on July 12, 1909, and on said date one of the defendants, Charles F. Palmer, was in Ashe County, North Carolina, at the Bromine-Arsenic Springs, within nine miles of Jefferson, N. C., and that said Palmer wrote a letter to the plaintiff's counsel requesting said counsel to write J. I. Hurt, defendant's attorney, living at Abingdon, Va., informing him of the nature of the suit, and that plaintiff's attorney wrote him on 13 July, 1909, giving the required information. That on 14 July, 1909, the said J. I. Hurt wrote the plaintiff's attorney also requesting that the plaintiff's attorney inform him of the nature of the suit; and that plaintiff's attorney wrote him on the 17th day of July, 1909, stating the nature of the suit and also informing him that said cause was set for trial on 21 July, 1909; that said J. I. Hurt, attorney employed by defendants, is a non-resident attorney and not in regular attendance on this Court; that the defendants never employed any attorney in regular attendance on this Court until after final judgment had been rendered in said action, and until after the July Term, 1909, of this Court."

*Feme* defendant, Sue M. Palmer, filed an affidavit to the effect that she had bought the land in good faith at a fair price, paying

cash for same and that she had neither notice or knowledge of the pendency of suit or proceedings therein until after judgment was entered against her and as soon as she was informed of the action of the court, she employed a resident attorney and made application to set the judgment aside. The court refused to set aside the judgment, holding that no excusable neglect had been shown.

Defendants excepted and appealed.

*T. C. Bowie* for plaintiff.
*G. L. Park* for defendant.

Hoke, J. · It has been held by this Court that a party litigant "who seeks to be excused for laches, on the ground of excusable neglect, must show that the counsel employed is one who regularly practices in the court where the litigation is pending or at least one who is entitled to practice therein and was especially engaged to go thither and attend to the case." *Manning v. R. R.,* 122 N. C., p. 824. A proper application of this principle would seem to deprive Charles F. Palmer of any right to relief in this case, but we are of opinion that, on the facts in evidence, no such position should prevail as to the *feme* defendant, Sue F. Palmer. While the motion has been chiefly treated as a proceeding under section 513 of the Revisal that affording relief against a judgment on the ground of "mistake, surprise or excusable neglect," the summons having been only served by publication, the rights of these parties are more directly affected and controlled by section 449, which among other things, provides that when service of process has been made by publication "the defendant or his representative may, upon good cause shown, be allowed to defend after judgment or any time within one year after notice and within five years after its rendition on such terms as may be just."

Construing this statute, it is very generally held here and elsewhere that one who can bring himself within its provisions, has the right as to the parties of record, to avail himself of any objection to the validity of the judgment that he could have made, if he had been personally present and made answer. *Rhodes v. Rhodes,* 125 N. C., p. 191; Black on Judgments, sec.

312. And the authorities are also to the effect that where good cause is shown, this is a legal right, no longer resting in the discretion of the presiding judge and not to be lost from neglect unless such neglect has arisen after actual notice of the proceedings. *Albright v. Warkinstein,* 31 Kansas, 442; *Brown v. Conger,* 10 Nebr., 236; *Fifield v. Norton,* 79 Minn., 264.

Undoubtedly the notice referred to may be proven by facts and circumstances as well as by direct evidence, but, as stated, actual notice must be in some way established before the right declared in this statute can be forfeited by neglect alone. In a case in our own court bearing on the question, *Turner v. Machine Co.,* 133 N. C., p. 381, actual notice of the suit was shown in ample time to have allowed the defendant to have been present at the hearing and it was properly held that default under such circumstances was inexcusable. Applying this principle, we are of opinion, as stated, that the judgment should be set aside and the *feme* defendant allowed to defend as provided by the statute. Her affidavit sets forth a valid defense to plaintiff's demand. She swears further that she had neither knowledge or notice of the pendency of the suit until after judgment rendered against her and there is no relevant fact or circumstance rising to the dignity of legal evidence which tends to contradict her statement. Nor is there any evidence tending to show that the attorney in Virginia was employed by her to look after this case. Even when a married woman has relied upon her husband to employ an attorney to look after her case, the Court, under certain circumstances, has extended her relief against a judgment on account of her husband's negligence. *Sikes v. Weatherly,* 110 N. C., p. 131; *Nicholson v. Cox,* 83 N. C., p. 48. But thus far there is no evidence presented to uphold the finding that the wife had employed the attorney in Virginia to look after the case or that she had consulted him on the subject either directly or through the agency of her husband, and on the facts in evidence we are of opinion that her right under the statute referred to should receive favorable consideration.

The judgment will be set aside and the *feme* defendant allowed to answer.

Reversed.