McKEEL HARDWARE COMPANY v. BUHMANN ET AL.

(Filed 11 September, 1912.)

1. Judgments—Excusable Neglect—Findings of Facts—Record—Appeal and Error.

   While it is the duty of the trial judge to find the facts upon which he bases his refusal to grant a motion to set aside a judgment for excusable neglect, his not having done so is not held for reversible error on this appeal, it appearing from the affidavits of record that the neglect of the appellant was inexcusable.

2. Judgments—Appeal and Error—Findings of Facts—Request of Appellant—Practice.

   It is the duty of the appellant upon the refusal of his motion to set aside a judgment for excusable neglect, to request the judge to find the facts upon which his refusal was based.

HARDWARE CO. *v.* BUHMANN.

**3. Pleadings—Agreements—Writing—Custom—Appeal and Error.**

Agreements of extension of time to plead beyond the statutory period must be in writing to be recognized by the courts; and the fact that the party litigant had employed an attorney in another county where there was "a custom" to allow sixty days to answer, is not such excusable neglect as will warrant the court on appeal to set aside a judgment rendered, for the want of an answer.

**4. Appeal and Error—Pleadings—Judgments by Default—Record— Exceptions — Erroneous Judgments — Motions—Lower Court— Practice.**

The Supreme Court will not set aside a judgment by default final for the want of .an answer upon the ground that a judgment by default and inquiry upon the complaint should have been entered, when there has been no motion below, or exception presenting the point; but the order refusing to set aside the judgment for excusable neglect, affirmed on this appeal, does not bar the defendant from making his motion in the cause below upon the ground of irregularity.

APPEAL from BEAUFORT, by defendant from the refusal by *Webb, J.,* to set aside a judgment for excusable neglect, on motion heard 8 June, 1912.

*Small, MacLean & McMullan for plaintiff.*
*J. W. Little for defendant.*

CLARK, C. J.   This is an appeal from the refusal of a motion to set aside a judgment on the ground of excusable neglect. The court held that no excusable neglect had been shown. It is true that it is the duty of the court in such case to find the facts, and that its finding is conclusive, and that upon such facts the conclusion of law only is reviewable. *Norton v. McLaurin,* 125 N. C., 185, and cases there cited. The failure of the judge to find the facts in this case, however, is immaterial, for, taking the affidavits of the appellant as correct, he has shown inexcusable neglect. It appears therefrom that the defendant employed a lawyer residing in New Hanover County to appear in a case pending in Beaufort Superior Court, which he was not in the habit of attending, and such counsel was not present at the term of the court and did not file answer. *Man-*

*ning v. R. R.,* 122 N. C., 825; *Williamson v. Cocke,* 124 N. C., 585. Indeed, the appellant should have asked the judge to find the facts. *Albertson v. Terry,* 108 N. C., 75.

The excuse of the counsel is that in New Hanover there was a "custom" that the defendant was allowed sixty days in which to answer. But it is not contradicted that this was not the custom in Beaufort County. Besides, if it had been such custom, it would not justify the defendant in failing to comply with the statutory requirement as to the time in which the answer should be filed, in the absence of a written or admitted agreement to that effect. *Brown v. Hale,* 93 N. C., 188. The judgment should therefore be affirmed.

It was suggested in this Court by the appellant that the judgment should be set aside for irregularity in that upon the verified complaint a judgment by default and inquiry should have been entered, and not a judgment by default final. There was no motion below nor exception in this appeal presenting that point, and no exception can be passed upon in this Court which was not regularly taken below, except that the court did not have jurisdiction of the subject-matter or that the complaint does not state a cause of action. But the order refusing to set aside the judgment for excusable neglect, which is affirmed by us, does not bar the defendant from hereafter making his motion in the cause below upon the ground of irregularity, if the facts and the law will justify the judgment being set aside or modified on that ground. *Jeffries v. Aaron,* 120 N. C., 167.

Affirmed.