## J. A. PIERCE v. HENRY ELLER ET AL.

(Filed 16 December, 1914.)

1. Judgments — Motions to Set Aside—Excusable Neglect—Reversing Previous Order—Judgment—Estoppel.

　　Where an order refusing to set aside a judgment for excusable neglect, etc., on motion made within twelve months (Revisal, sec. 513), has without objection been set aside by the same judge, at the next succeeding term of court, the original motion is left pending and the movant is not estopped by the former judgment denying his motion.

2. Judgments—Motions to Set Aside—Excusable Neglect—Facts Found—Legal Inference—Appeal and Error.

　　The findings of fact by the trial judge upon which he bases his decision on motion to set aside a judgment for excusable neglect are conclusive of the facts found, but not as to matters of law or legal inference arising therefrom.

**3. Same—Old Age—Pleadings—Lands—Bond for Possession—Default.**

It is required of a party litigant that he shall give his case such atten-
tion as a man of ordinary prudence gives to his important business, and
that he must not sleep on his rights. Hence, setting aside by the trial
judge of a judgment obtained against a party on the ground that he was
old and feeble will be reversed on appeal, when it appears from the facts
found that the judgment in question was one by default in an action
against him to recover lands in his possession, and the action had been
pending several years without answer filed or bond given to retain posses-
sion; that there was no finding that the party was not of sound mind and
nothing appearing to show why these necessary steps had not been taken.

APPEAL by plaintiff from *Webb, J.,* at January Term, 1914, of
WILKES.

This is a motion to set aside a judgment rendered at August Term,
1912, of Wilkes Superior Court, heard before *Webb, J.,* at January
Term, 1914, of said Superior Court.

The action is to recover land and damages for trespass thereon.

The summons was issued on 4 June, 1907, and served on 6 June, 1907.
The complaint was filed and the case continued from term to term until
January Term, 1912, when the plaintiff obtained leave to file a com-
plaint in place of the one theretofore filed, which had been misplaced,
and the defendant was allowed thirty days to file answer. The com-
plaint was filed 28 February, 1912. The case was on the calendar for
the August Term, 1912, and, no answer being filed, the judgment appear-
ing in the record was signed and the cause continued for inquiry as to
damages. On 10 January, 1913, the defendants filed an affidavit, and
served notice on the plaintiff, to set aside the judgment rendered at
August Term, 1912, which motion was heard by Judge Cline at August
Term, 1913, of Wilkes Superior Court, upon affidavits filed pro and con,
when Judge Cline refused to set aside said judgment, and taxed the
defendants with the cost of the motion, and directed that the case be
continued for trial upon the question of damages for the removal of the
timber.

To this refusal to set aside said judgment the defendants did not
except or appeal.

At October Term, 1913, the case was on the trial calendar as to dam-
ages, but the defendants were not ready, and a contention arose between
the attorneys as to the exact location of the 8 acres of land referred to
in the judgment of August term, when Judge Cline set aside his order of
the former term.

At January Term, 1914, the case was again on the calendar for trial
as to damages, and upon the call of the case the defendants renewed
their motion to set aside the former judgment, when Judge Webb heard

167—43

the affidavits, upon the same state of facts as passed upon by Judge Cline, and rendered the judgment setting aside the judgment of August Term, 1912, and the plaintiff appealed.

His Honor, Judge Webb, found the following facts bearing on excusable neglect:

"The court further finds it a fact that at the time the summons was issued in this cause against the defendants by the plaintiff, and at the time the judgment by default was taken in this cause by the plaintiff against the defendants, the defendants were very old people, they being approximately 76 years of age. The court finds that they were at the time of taking said judgment very feeble, and the said Henry Eller, being hard of hearing and very forgetful, owing to his old age and feeble health, was not able to carry current events in his mind but a very short time.

"The court further finds it a fact that neither of them have any recollection that a summons was served on them in the above entitled action, but it is not denied that it was so served. Said action was commenced on 4 June, 1907, and the summons served, as the return shows, on 6 June, 1907; that at the time of the service of said summons Henry Eller was sick and remained sick for some time, but nothing was ever said to him about the suit, so far as he remembers, until the judgment was rendered, or rather some time after the judgment was rendered, which was at August Term, 1912, of this court; that he, being old and feeble, had entirely lost sight of the suit, and does not now remember any circumstance about it, not even the service of the summons upon him; that the record shows that the complaint was filed and lost, or misplaced, and plaintiff obtained leave to file another complaint, which has been done, as the records show, on 28 February, 1912.

"The court further finds it a fact that the defendant claims that his title deed covers the land, or a part of it, in dispute, and that he had a *bona fide* claim and title to all the land in controversy, or at least part of the same.

"The court finds it a further fact that after Judge Cline made his last order therein that the records of the court do not show that any request was made to continue said motion thereafter, but the same came on for hearing before the undersigned upon motion of the defendants at said January Term, 1914.

"The court further finds it a fact that the defendants did not know of the institution of said suit against them by the plaintiff, and did not know that any judgment was taken against them in the cause by default until some time thereafter; or, at least, if they had such knowledge, by reason of their infirmities and old age and sickness, they had forgotten it."

The motion was allowed, and the plaintiff appealed.

*W. W. Barber for plaintiff.*
*Finley & Hendren for defendants.*

ALLEN, J.  The order of Judge Cline, made at August Term, 1913, refusing to set aside the judgment, is not an estoppel upon the defendants, because at the succeeding September term the same judge set aside the order of the August term without objection by either party, and when this was done it left pending the motion of the defendants to set aside the judgment upon the ground of excusable neglect, and this was made within twelve months, as required by the statute, Revisal, sec. 513.

This leaves for consideration the order of Judge Webb, and while his findings of fact are conclusive upon us, his determination of the legal question, that there is excusable neglect, is reviewable on appeal. *Stockton v. Mining Co.,* 144 N. C., 596.

It has been held repeatedly by this Court that persons of sound mind who are served with process must be active and diligent, and that if they fail to give litigation the attention which a man of ordinary prudence usually gives to his important business, they can have no relief under the statute. *Sluder v. Rollins,* 76 N. C., 271; *Roberts v. Allman,* 106 N. C., 394; *School v. Pierce,* 163 N. C., 427.

In the first of these cases the Court says: "The least that can be expected of a person having a suit in court is that he shall give it that amount of attention which a man of ordinary prudence usually gives to his important business," and this was quoted in the second case. And in the last case: "The law does not allow a party to sleep on his rights. He must keep awake and be alert, exercising the care and watchfulness of an ordinarily prudent man in protecting his rights and saving his interests. We have held that the standard of care by which he must be judged is that which a man ordinarily prudent bestows upon his important business. *Roberts v. Alman,* 106 N. C., 391."

Applying these principles, we are of opinion there is no excusable neglect.

The defendants are old and feeble, it is true, but there is no finding that they are not of sound mind, and they are defending this motion without the intervention of a guardian.

The action is to recover land and damages for trespass on land, and although there is no denial that the summons was regularly served, they have taken no steps for five years to prepare a defense.

It was their duty to file a bond, and they had no right to answer and defend until they had done so or had shown their inability to give bond. *Vick v. Baker,* 122 N. C., 99; *Norton v. McLaurin,* 125 N. C., 189.

It does not appear that they employed counsel, that they made any effort to file a bond, that they made application for time to answer, that they ever made any inquiry as to the course of the litigation, and the only excuse for their neglect is that they were so inattentive they forgot the suit.

If under these circumstances a judgment can be set aside, no one will be secure in his rights, if the judgment is against one old and feeble.

Reversed.