O. E. SEAWELL ET ALS., TRADING AS CHATHAM LUMBER COMPANY v. PARSONS LUMBER COMPANY, A PARTNERSHIP.

(Filed 25 October, 1916.)

1. Judgments—Excusable Neglect—Attorney and Client—Principal and Agent.

The negligence of counsel in failing to defend an action for his client in the course of his professional duty will not be attributed to the latter, if he himself is in no default, without regard to the solvency of the former; but where the counsel is authoritatively acting for his client outside of his professional employment, in matters which the client may perform, he then· is the mere agent of the party, and his negligence is imputed to his principal.

2. Same—Neglect of Party—Rule of Prudent Man.

The employment of an attorney by a party to an action does not of itself excuse the party from properly attending to his case, and the test as to whether the party is himself negligent is in the application of the rule of the prudent man while engaged in transacting important business.

3. Attorney and Client—Nonresident Attorney—Laches—Principal and Agent.

The employment by a party of a nonresident attorney of this State to represent him in a professional capacity in our courts, who is not licensed to practice here, creates the relation of principal and agent; but if the employment is of a resident attorney, licensed to practice here, though he be a resident practitioner of another county, the relation of attorney and client exists, and the party, not himself in default, is not held responsible for the negligence of his counsel in failing to perform acts exclusively within the line of his professional duties.

4. Same—Judgments—Excusable Neglect.

Where a party to an action employs an attorney practicing in this State to defend an action brought against him in a different county, and upon his suggestion authorizes his attorney to employ local attorneys, which is accordingly done, and the latter promised to notify the leading attorney of the filing of the complaint, and send him a copy when filed, but through their misunderstanding of the fact of their employment, did not do so, and a judgment by default is finally taken; and it appears that the party had repeatedly asked his leading attorney if anything remained to be done by him, and was informed that nothing could be done until the complaint was .filed: *Held*, the judgment, on motion, was properly set aside for excusable neglect.

**5. Attorney and Client—Local Attorney—Offer of Employment—Acceptation—Excusable Neglect.**

A client employed his attorney, licensed to practice law here, to professionally defend an action brought against him in another county, and authorized him to employ local attorneys there. His attorney wrote requesting them to act with him, and asked them to notify him when complaint was filed and send him a copy thereof. They replied, saying they would notify him as to the filing of the complaint, and send him a copy thereof, and they would appear with him "if desired to do so." *Held*, the leading attorney was justified in construing the answering letter as an acceptance of the employment offered; and in making the offer he acted in his capacity of attorney, and not merely as the agent for his client.

**6. Judgments—Excusable Neglect—Findings—Appeal and Error.**

Where the trial judge has set aside a judgment for excusable neglect, his findings as to good faith are conclusive on appeal.

**7. Judgments—Excusable Neglect—Surety Bond.**

It appearing, in this case, that the trial judge has set aside a judgment for excusable neglect, and required the defendant to give a bond in a larger sum than the amount of the judgment, conditioned to pay the plaintiff any damages recovered by him, it is *Held*, under the facts, that no substantial injury could be sustained by him.

APPEAL from order of *Daniels, J.*, at January Term, 1916, of ROBESON, setting aside a judgment under section 513 of the Revisal.

The action was commenced in Robeson County on 9 April, 1914, and the summons was served on the defendant 14 April, 1914.

The purpose of the action was to recover damages for an alleged breach of contract in the purchase of certain timber lands in Bladen County.

The complaint was filed 27 January, 1915, and the judgment for $3,000 was rendered at February Term, 1915, about six weeks after the filing of the complaint and about ten months after the commencement of the action.

His Honor found the following facts:

"2. That as soon as summons was served upon him herein defendant A. K. Parsons immediately went to see his regular counsel, Mr. H. L. Stevens, a competent, reputable, and experienced attorney residing at Warsaw, N. C., and employed said Stevens to represent defendants in this action. That said Stevens accepted such employment and agreed to represent the defendants in this action, advising said Parsons further that it would be necessary to employ associate counsel residing in Robe-

21—172

son County, and stating that he would at once communicate with such counsel and arrange for and employ counsel in Robeson County to represent the defendants. That a short time thereafter said Parsons again saw his counsel, Mr. Stevens, and was informed by him that he had secured the services of counsel in Robeson County to appear for the defense and represent defendants in the action.

"3. That upon being employed by said Parsons to represent defendants in this action, said H. L. Stevens immediately communicated with McIntyre, Lawrence & Proctor, a firm of competent, reputable, and experienced attorneys residing at Lumberton, and regularly practicing in the courts of Robeson County, advising them of the institution of the action; that defendants desired to employ counsel to assist him in the defense, inquiring whether any complaint had been filed in the action, and, if so, to furnish him with a copy, and asking whether they were in position to appear for and represent the defendants; and McIntyre, Lawrence & Proctor replied that no complaint had been filed; that they would send him a copy when filed; that they were in position to represent defendants if desired to do so, and would be glad to represent them. That upon receipt of this letter said Stevens advised McIntyre, Lawrence & Proctor that he had forwarded their letter to his clients, which he did.

"4. That as the result of his correspondence with McIntyre, Lawrence & Proctor, the said H. L. Stevens understood that he had employed McIntyre, Lawrence & Proctor to assist him in the defense, and that they understood they were so employed and would furnish him with a copy of the complaint when filed, and would do whatever was necessary to the defense of the action; and it never occurred to Stevens that there was any question as to whether McIntyre, Lawrence & Proctor had been employed by him to represent defendants and that they understood that they had been so employed.

"5. That as the result of the correspondence between him and McIntyre, Lawrence & Proctor, as above set forth, said Stevens advised defendant Parsons that he had employed counsel in Robeson County to assist him in the action; that no complaint had been filed; that his associates in Robeson would furnish him with a copy of the complaint when filed, whereupon he would notify said Parsons, and that until the complaint was filed there was nothing that the defendants could do in the matter, and that he would advise said Parsons when it was necessary for the defendants to do anything with respect to the action. That upon this statement the defendants took no further steps towards the employment of the counsel.

"6. That thereafter said Parsons frequently and repeatedly inquired of said Stevens if anything had been done in this action, whereupon said Stevens would advise said Parsons upon each inquiry that nothing further had been done; that if any complaint had been filed, McIntyre, Lawrence & Proctor would have advised him to that effect, and that as they had not so advised him, he knew that nothing further had been done in the matter. That in so advising defendant Parsons said Stevens understood that he had employed McIntyre, Lawrence & Proctor for defendants, and that they understood they were so employed; that they had agreed to furnish said Stevens with a copy of the complaint when filed, and he relied upon them to do so, and not being advised by McIntyre, Lawrence & Proctor that any complaint had been filed, he advised said Parsons at the time of each inquiry that no complaint had been filed and that nothing could be done until it was filed.

"7. That relying upon the statements made by said Stevens, the defendant A. K. Parsons took no further steps towards the defense of the action.

"8. That neither said Stevens nor defendant Parsons had any actual notice of the filing of the complaint, the trial, or the rendition of the judgment (other than that in the summons) herein until the execution was served upon Parsons by the sheriff of Pender County on 12 January, 1916. That immediately upon service being made, defendant Parsons at once went to Warsaw and advised said Stevens as to the service of the execution. That said Stevens then assured defendant Parsons that when he was first employed he had arranged with attorneys in Robeson County to appear with him for the defense, and they had agreed to do so, and had advised him that no complaint had been filed, but that they would furnish him a copy as soon as filed, and that as they had not advised him of the filing of the complaint, or sent him a copy, he felt sure there was some mistake about the matter, and that he would at once communicate with McIntyre, Lawrence & Proctor, and advise said Parsons as soon as he heard from them.

"9. That said defendant Parsons then came to Lumberton and saw McIntyre, Lawrence & Proctor, and ascertaining from them that they did not consider that they had been employed, but only regarded the letter of said Stevens as an inquiry as to whether they could accept employment, and that having heard nothing further from him, they had dismissed the matter from their minds, and that they did not know, until so informed by defendant Parsons, that any complaint had been filed, or trial had, or judgment obtained. That said Parsons immediately employed said counsel to make a motion to set aside the said judgment.

"10. That it was at all times the purpose and intention of defendant A. K. Parsons to properly defend the action; that it was his intention to employ counsel, and he understood that H. L. Stevens and McIntyre, Lawrence & Proctor were representing him and would do all things necessary for its proper defense, and would call upon him when it became necessary to file answer or take any other action, resting this belief upon his personal employment of said Stevens, and as to McIntyre, Lawrence & Proctor, upon the assurances of said Stevens that they had been employed and would advise him when the complaint was filed. That it was on this account that said defendant took no further action towards the employment of counsel.

"11. That had it not been for the firm belief and understanding upon the part of said Stevens that he had employed McIntyre, Lawrence & Proctor to represent defendant, and that they had agreed to do so and understood fully that they had been employed, said Stevens would have arranged for the employment of other counsel in Robeson County to assist him in the defense; and said Stevens did not learn until after the motion was made to set aside said judgment that there was any question in regard to the employment of McIntyre, Lawrence & Proctor, or that they did not consider that they had been employed.

"12. That the defendants have a good and meritorious defense to this action, both in fact and in law, this finding being made for the purposes of this motion.

"13. That H. L. Stevens is solvent and able to respond in damages for more than amount sued for in this action, including costs, as against any claim defendants may have against him herein."

His Honor set aside the judgment, but required the defendant to execute bond in the sum of $3,500, conditioned to pay any judgment which might be rendered in the action in favor of the plaintiffs, and the plaintiffs excepted and appealed.

*McLean, Varser & McLean for plaintiff.*
*McIntyre, Lawrence & Proctor for defendants.*

ALLEN, J. The distinction between the negligence of counsel, while engaged in the performance of a professional duty, and the negligence of the party, is clearly marked, and the uniform rule with us is that the negligence of the first will not be attributed to the client if he, himself, is in no fault; and this is true without regard to the solvency or insolvency of counsel. *Schiele v. Ins. Co.,* 171 N. C., 426, and cases there cited.

It is equally well settled that if the attorney is acting outside of his employment as attorney, and is engaged in the performance of an act

which the client can perform, and when it is his duty to do so, that then the attorney, in the performance of this act, is the mere agent of the client, and his negligence is the negligence of the client. *Edwards v. Henderson,* 109 N. C., 83; *Neal v. Land Co.,* 112 N. C., 841; *Norton v. McLaurin,* 125 N. C., 185.

It is also established that the employment of counsel does not excuse the client from proper attention to his case (*Pepper v. Clegg,* 132 N. C., 316), and that the test of the negligence of the client or party is whether he has acted as a man of ordinary prudence while engaged in transacting important business. *Norton v. McLaurin,* 125 N. C., 190; *Allen v. McPherson,* 168 N. C., 437.

In the application of these principles it has been held that a nonresident attorney who is not entitled to practice in the courts of this State is the agent of the client, and that the client will not be relieved under the statute because of his neglect; but that the client who has employed a reputable attorney who is entitled to practice in the county where the action is pending, who is himself not in default, will be relieved. *Manning v. R. R.,* 122 N. C., 824; *Bank v. Palmer,* 153 N. C., 503; *Gaylord v. Berry,* 169 N. C., 734.

We must then inquire in what capacity Mr. Stevens was employed, whether as attorney or agent; we must see if he was negligent, and, if he was, whether the defendant acted as a prudent man attending to important interests.

If he was the attorney of the defendant and negligent, or if he was his agent and not negligent, the defendant is entitled to relief if not negligent himself.

The negligence attributed to counsel is his failure to employ local counsel in Robeson County, where the action was pending, and relying upon counsel, who were not employed, to furnish him a copy of the complaint when filed.

Mr. Stevens was the general counsel of the defendant, and, as a licensed attorney of this State, was entitled to practice in the county of Robeson.

The defendant, immediately after the service of the summons, put Mr. Stevens in charge of the case, and he undertook its management, suggesting, however, the employment of local counsel to assist him, to which the defendant assented.

Mr. Stevens immediately communicated with McIntyre, Lawrence & Proctor, a firm of competent, reputable, and experienced attorneys residing at Lumberton and regularly practicing in the courts of Robeson County, advising them of the institution of the action; that defendants desired to employ counsel to assist him in the defense, inquiring whether

any complaint had been filed in the action, and, if so, requesting them to furnish him with a copy, and asking whether they were in position to appear for and represent the defendants; and McIntyre, Lawrence & Proctor replied that no complaint had been filed; that they would send him a copy when filed; that they were in position to represent defendants if desired to do so, and would be glad to represent them.

This correspondence, read in connection with the relationship existing between attorneys, would make a contract of employment of local counsel beyond question, but for the interpolation in the letter of Messrs. McIntyre, Lawrence & Proctor of the words, "if desired to do so," and when the correspondence is considered as a whole, it is not unreasonable for Mr. Stevens to conclude that they had accepted employment.

He wrote the attorneys at Lumberton that the defendants desired to employ local counsel to assist him in the action, and inquired if they were in a position to represent the defendants. This, among reputable attorneys, would bind him to employ these particular attorneys if they would accept employment.

They replied that they would be glad to appear for the defendants, and promised unconditionally to furnish a copy of the complaint when filed.

We have, then, what is equivalent to an offer of employment, with at least a qualified acceptance and a direct promise to perform an act which could only arise out of the employment, and Mr. Stevens might well conclude that the words, "if desired to do so," were inserted to avoid the appearance of too great anxiety to be employed, and his Honor finds as a fact that Mr. Stevens honestly understood that counsel at Lumberton had agreed to represent the defendant, and that he, in good faith, told his client that they had been employed, and that they would forward to him a copy of the complaint as soon as it was filed.

If, therefore, any default can be attributed to him, it consists in putting the wrong construction on a letter capable of two constructions, and in advising his client erroneously as to the meaning of the letter, and in this he was acting strictly in the line of professional duty and not merely as agent.

The remaining question is as to the defendant himself. Has he acted as a man of ordinary prudence while attending to important business interests?

Immediately after the service of summons he went to see his general counsel and employed him to take charge of the case, which counsel agreed to do. He followed the suggestion of his counsel and directed him to employ local counsel to assist in the trial of the action. Soon there-

after he made inquiry of his counsel and was told that local counsel had been employed, that the complaint had not been filed, that as soon as it was filed local counsel would furnish him a copy, and that there was nothing that the defendant could do until the complaint was filed, and that he would advise the defendant when it was necessary for him to do anything with respect to the action.

The defendant honestly believed that local counsel had been employed, that the complaint had not been filed, and he relied implicitly upon the statement of his counsel; but the defendant did not let the matter rest here, but frequently and repeatedly inquired of his counsel if anything had been done in the action, and was advised each time that nothing further had been done, that the complaint had not been filed, that he would be furnished a copy as soon as it was filed, and that he would then advise the defendant.

The findings of the judge, which are conclusive upon us, establish the good faith both of the defendant and his counsel, and it would seem that the defendant has done all that would be required of a man of ordinary prudence.

"The usual office and duty of an attorney at law is the representation of parties litigant in courts of justice, and it is for this purpose that he is licensed under the authority of the State." This office and duty "embraces the preparation of pleadings and other papers incident to actions and special proceedings, and the management of such actions and proceedings on behalf of clients. The relation of attorney and client is that of master and servant in a limited and dignified sense, and involves the highest personal trust and confidence. The attorney, by his obligation, is bound to discharge his duties to his client with the strictest fidelity, and he is answerable to the summary jurisdiction of the court for dereliction of duty. An attorney is, however, more than a mere agent or servant of his client. He is also an officer of the court." 2 R. C. L., 938.

Surely, with such a relationship of trust and confidence, established by law and recognized and sanctioned by the courts, a hearing will not be denied to a client because he has intrusted to his attorney, an officer of the court, the duty of writing a letter to local counsel, seeking to employ them, instead of writing the letter himself, and for relying upon the repeated assurances of his counsel that he had employed the counsel; and unless this is negligence there is no blame attributable to the defendant.

We are, therefore, of opinion that there is no error in setting aside the judgment and allowing the defendant to answer. This will give the opportunity to both parties to have a hearing upon the merits

when both parties are represented, and can do no substantial injury to the plaintiff, as his Honor required the defendant to execute a bond larger than the judgment recovered, conditioned to pay any sum recovered in the action, and the plaintiff, if entitled to recover damages, will be compensated for the delay by the payment of interest, which the jury may award as damages.

Affirmed.