RUFUS HAM v. W. R. PERSON AND S. H. FINCH.

(Filed 7 March, 1917.

**Excusable Neglect—Judgments—Employment of Counsel.**

Excusable neglect to set aside a judgment regularly rendered by default of an answer is not shown by the facts that the defendant employed to represent him an attorney of another county, who did not regularly attend the courts or practice in the county of the venue, or promise to go there specifically, but who informed the defendant that it was unneces-

sary; nor by the further fact that the defendant did not know the date of the term to which the action was returnable when he had been served regularly with summons, stating the time. *Lumber Co. v. Lumber Co.*, 172 N. C., cited and distinguished.

APPEAL by defendant Finch from *Lyon, J.,* at May Term, 1916, of WAYNE.

*M. T. Dickinson for plaintiff.*
*Butler & Herring for defendant.*

CLARK, C. J.   This is an appeal from the refusal of a motion to set aside a judgment on the ground of excusable neglect.   The action was brought by the surety to recover money paid by him for the defendants, who were principals in the note.   The defendant Person did not set up any defense to the action.   The other defendant wishes to set aside the judgment to plead the statute of limitations.

The court found as facts that after service of summons on the defendant Finch, who resides in Sampson, he employed counsel residing in Clinton to represent him in this action which was returnable to Wayne, where the plaintiff and the other defendant reside.   The counsel employed by Finch were not "counsel regularly attending the court" in which the action was pending, nor did they "engage to go there especially to attend to the matter."   Finch, therefore, was chargeable with inexcusable neglect.   The case of *Osborn v. Leach,* 133 N. C., 428, presents, in all material respects, the identical state of facts as in this case.   That case cites many others exactly on all-fours, among them, *Manning v. R. R.,* 122 N. C., 828, which cites many others to the same effect, and has been repeatedly cited since with approval.   See Anno. Ed.   In that case it was said:   "Our laws do not recognize this leisurely and dilettante manner of attending to legal proceedings at long range.   What would be left of the statute if every defendant demanded the same privileges of answering at his own convenience, or by his own system?   .   .   .   As the answer was not filed at the first term, the plaintiff was under the law entitled to his judgment," as against any other defendant.

Indeed, our decisions are uniform and without any exception that courts cannot be run upon any plan which requires that the summons of the court to appear and answer the complaint at the time specified shall be disregarded if not convenient to the counsel to attend, but clients must at least employ counsel "regularly attending the court where the case is pending or who shall engage to go there especially to attend the matter."   In such case, if the counsel does not attend to the matter, the client will have a cause of action against him for neglect to do so.   But in this case counsel did not attend that court and did

not engage to go there specially. The neglect was that of the client in not securing counsel who by his implied contract, by reason of his regular attendance at such court, or by special agreement to go there, gave him assurance that the matter would be attended to. On the contrary, the judge finds that counsel, instead of agreeing to attend the court where the cause was pending, told Finch that it would "not be necessary for him to go," and that he would not go. Finch, therefore, had the precept and order of the court to attend "or that judgment would be rendered against him," but he preferred to take the statement of counsel that it would "not be necessary" for him to do so. The courts are for the dispatch of public business, and those who have business therein must either pay attention to it or abide any judgment rendered in the regular and ordinary course of procedure. The cost of the courts is heavy and they cannot be run for the convenience of counsel, or of suitors, contrary to the statutes in such cases made and provided.

The judgment of his Honor is supported by the unbroken precedents in this Court. The decision in *Seawcell Co. v. Lumber Co.,* 172 N. C., 320, relied on by the defendant, in no respect resembles this case, for there the defendant's counsel assured him that he had employed local counsel in the court where the cause was pending and that the client "reasonably and honestly relied upon such assurance." In this case the counsel did not regularly attend the court, did not undertake to employ resident counsel, and did not engage to attend himself. Counsel alleges that he made a mistake as to the time when court in Wayne would be held. The summons on its face notified defendant when the term of court would begin; besides, "ignorance of law excuses no one," and this Court has said: "The vicarious ignorance of counsel has no greater value." *Allen v. McPherson,* 168 N. C., 437; *Barber v. Justice,* 138 N. C., 21; *S. v. McLean,* 121 N. C., 601; *S. v. Downs,* 116 N. C., 1066.

Judgment was taken for want of an answer on Thursday of the second week of the term. The plaintiff was entitled to take judgment by the terms of the statute, by the notice in the summons served on him, and "according to the regular course and practice of the courts." *Williams v. R. R.,* 110 N. C., 466, was expressly overruled in *Manning v. R. R., supra.*

The judgment of the court below is
Affirmed.