### T. W. EDWARDS v. JAMES R. BUTLER.

(Filed 3 October, 1923.)

**Judgments—Attorney and Client—Laches — Motion to Set Aside Judgment.**

The laches of an attorney will not be imputed to his client when the latter is free from blame; and where the client upon being served with summons as a defendant in an action immediately employs counsel having the reputation of diligence in his practice, who promises to notify him when necessary to give further attention to his case, and soon thereafter a judgment by default final for the want of an answer is rendered against him, ignorant of the course and practice of the court, it will be

set aside upon motion aptly made upon a showing of merits, with permission to make new parties if necessary to the full determination of the controversy.   As to whether such judgment was the proper one in this case, *quere?*

MOTION to set aside a judgment by default final against defendant for $1,005.60, heard before his Honor, *Grady, J.,* at August Term, 1923, of SAMPSON.

The motion was denied, and in the judgment of his Honor thereon it is stated that defendant, on an equitable adjustment of matters between him and plaintiff, is entitled to certain credits in the judgment, and it is further provided that the cause be retained for an adjustment of the matters referred to and execution in the meantime be stayed. Defendant excepted and appealed.

*No counsel for plaintiff.*
*Clifford & Townsend for defendant.*

HOKE, J.   It appears by the findings of fact of his Honor, and supported by affidavits presented at the hearing, that summons was served on defendant on 27 October, 1922, returnable 13 November, 1922.   That immediately defendant employed a reputable and diligent attorney regularly practicing in the court to look after the matter for defendant, and said attorney undertook to do so.   That on conference with the attorneys of plaintiff, they promised him that they would serve him with copy of complaint when same was filed, and defendant's attorney thereupon assured him that he need give himself no concern about the matter until "he, the said attorney, advised him further."   That in violation of this agreement, complaint was filed and the judgment complained of entered without knowledge of defendant or his attorney and without any notice having been given as agreed upon.

The affidavit of defendant in support of the motion is accompanied by an answer setting forth a meritorious defense and tending to show that a judgment by default final is not a proper determination of the matters involved in the controversy.

Upon these facts it is held with us in well-considered cases that the negligence of an attorney, even if established, will not be imputed to a client when the latter is himself free from blame.   *Seawell v. Lumber Co.,* 172 N. C., 320; *Schiele & Krigshaker v. Ins. Co.,* 171 N. C., 426.

In the case presented it appears that defendant, as soon as served, employed an attorney having just reputation for character, capacity and diligence, and who was a regular practitioner in the court, to look after his interests.   That plaintiff himself was unacquainted with the

course and requirements of court procedure and, relying on the assurance of his attorney, he thereby failed to file his answer, etc., within the time required.

It would seem on the only evidence submitted that defendant's attorney was justified in the instant case by the assurances received, but whether this be accepted or otherwise, we can perceive no blame attributable to defendant himself, and under the authorities cited, defendant moving in apt time and on a show of merits, is entitled to have the judgment set aside.

There is also an averment in defendant's affidavit filed as a basis for the motion that a judgment by default final is not in accordance with law and the course and practice of the court, and there is doubt in any event if such a judgment should be allowed to stand. In plaintiff's verified complaint he alleges in effect that he bought or bargained for one-half of a tract of land from defendant and paid him thereon $1,000 and certain additional expenditures for a deed, $5.61, and that he entered into possession of said land and stayed there one year, receiving the rents and profits of same, and so far as appears still has possession of the property. That he bought the one-half on condition that one J. O. Tew would buy the other, and that if said J. O. Tew did not buy the other half and make the payments thereon that the trade should be rescinded and defendant would save plaintiff harmless and return him his money, etc., and thereupon demanded and obtained a judgment by default final for the entire amount without accounting in any way for the occupation of the property for at least a year. His Honor recognized that there should be a further adjustment and so provides in his judgment, but under the contract as alleged, to "save plaintiff harmless in case the trade is off," it would seem that the accounting should precede a final judgment in the matter. Without decision on this question, however, we are of opinion and so hold that the judgment be set aside as for excusable neglect, and the defenses presented by the answer should be considered and passed upon and new parties made if necessary to a full determination of the controversy.

Error.