HYDE COUNTY LAND & LUMBER COMPANY v. THOMASVILLE
CHAIR COMPANY.

(Filed 4 November, 1925.)

**Judgments—Motions to Set Aside Judgments—Surprise and Excusable
Neglect—Attorney and Client—Statutes.**

A judgment will not be set aside for irregularity and surprise when
it appears that it had come to issue and was regularly set upon the trial
docket, and judgment entered in the due course and practice of the
court, the only grounds upon which relief is sought being the employment
of nonresident local attorneys, who were not notified though means of
easy communication in ample time was available, the neglect of the
attorneys being personally attributable to the party to the action, whose
duty it was also to attend to the action himself, as well as to employ
attorneys for the purpose. C. S., 600.

APPEAL from HYDE Superior Court. *Calvert, J.*

Motion by defendant to set aside judgment for irregularity, and
under C. S., 600, for surprise. Affirmed.

*S. S. Mann for plaintiff.*
*Raper & Raper and H. R. Kyser for defendant.*

VARSER, J. This motion to set aside the judgment was upon two
grounds, irregularity and surprise. The facts are as follows:

Summons issued from Hyde Superior Court 11 April, 1925, return-
able 27 April, 1925, and served, with copy of complaint, 16 April,
1925. Answer filed 6 May, 1925, and plaintiff's reply filed 16 May,
1925. The next term of Hyde Superior Court convened 18 May, 1925.
Plaintiff's reply denied the defendant's allegation of payment and dis-
charge of indebtedness which constituted plaintiff's cause of action.
The cause was called for trial 22 May, 1925, and the issues raised by
the pleadings were submitted to a jury and the verdict rendered in
favor of the plaintiff in the sum of $474.45, with interest from 19 May,
1922, and judgment in regular form rendered for this amount, with
costs.

It further appears that plaintiff is a corporation operating in North
Carolina with "domicile" in the county of Hyde. Defendant corporation
is a North Carolina corporation, resident in Davidson County, North
Carolina, and that defendant employed counsel resident in Davidson
County, practicing there and in adjoining counties, where it is the
custom to make out civil calendars, which custom prevails in Hyde
County, but no calendar was made for the last two terms, a memo-
randum of the cases being prepared by the clerk for information. The
Court further finds that more than 10 days elapsed from the filing

of the defendant's answer which raised the issues, the reply of plaintiff not being required, and that United States mails are delivered from Belhaven to the county seat of Hyde County every day except Sunday, and there is a telegraph station at Belhaven, N. C., with long-distance telephone communication between Belhaven and Swan Quarter, N. C., and that telegraphic messages are transmitted to Swan Quarter, N. C., by telephone; that there are other lawyers residing at Swan Quarter, N. C., than plaintiff's counsel, and that the State Highway from Belhaven to Swan Quarter was in passable condition and that the defendant's agents and attorneys could have reached Swan Quarter between 6 May, 1925, and 18 May, 1925, and that communication could have been had by defendant with county officials and counsel in Hyde County within this time.

There is no irregularity whatever in this case, and unless the defendant's negligence is excusable there is no relief. As well said in *Pepper v. Clegg,* 132 N. C., 312: "A lawsuit is a serious matter and parties must give it that attention which a prudent man gives to his important business." *Sluder v. Rollins,* 76 N. C., 271; *Roberts v. Allman,* 106 N. C., 391, and that the employment of counsel does not excuse the client from giving proper attention to the case. *McLean v. McLean,* 84 N. C., 366; *Vick v. Baker,* 122 N. C., 98; *Norton v. McLaurin,* 125 N. C., 185; *Manning v. R. R.,* 122 N. C., 824, 831. This latter case does not approve of "attending to legal proceedings at long range." *Chief Justice Clark,* in *Pepper v. Clegg, supra,* expressed much wisdom when he said: "When a man has a case in court the best thing he can do is to attend to it."

In these motions the Court cannot lose sight of the rights of the party who has been diligent and has sought his remedy according to the course and practice of the Court. If there is hardship as between the parties, it must be borne by him who was not diligent, unless the facts come within the purview of C. S., 600. The facts in the instant case are not sufficient to afford relief. The judgment appealed from is

Affirmed.