TAYLOR & FETZER v. R. F. GENTRY.

(Filed 10 November, 1926.)

**Judgments — Pleadings — Default — Meritorious Defense — Appeal and Error.**

An order of the lower court setting aside a judgment by default will be reversed in the Supreme Court, when it is not made to appear that the defendant has a meritorious defense.

APPEAL by plaintiff from *Lane, J.,* at February Term, 1926, of ROCKINGHAM.

Motion to set aside judgment by default final, rendered by the recorder's court of the town of Reidsville, 13 October, 1925. Motion allowed by the recorder, and this ruling was affirmed on appeal to the Superior Court at the February Term, 1926. Plaintiff appeals.

*J. C. Brown for plaintiff.*
*No counsel appearing for defendant.*

STACY, C. J. Plaintiff obtained judgment by default final in the recorder's court of the town of Reidsville on 13 October, 1925. This was set aside fourteen days thereafter, on motion of the defendant, on the ground of "mistake, inadvertence, surprise or excusable neglect," under C. S., 600. On appeal by the plaintiff to the Superior Court the order setting aside the judgment in the recorder's court was affirmed.

Plaintiff takes two positions: First, that the recorder's court was without authority to entertain the motion, and, as the Superior Court could exercise derivative jurisdiction only, it was also without authority to decide the question. *Sewing Machine Co. v. Burger,* 181 N. C., 241. Second, that on the facts found, the defendant is not entitled to have the judgment vacated or set aside.

Without passing upon the merits of the first position, we deem it sufficient to say that there is no allegation or finding of a meritorious defense. . It is useless to set aside a judgment where there is no real or substantial defense on the merits. *Land Co. v. Wooten,* 177 N. C., 248; *Norton v. McLaurin,* 125 N. C., 185. "One who asks to be relieved

from a judgment on the ground of excusable neglect must show merit, as otherwise the court would be asked to do the vain thing of setting aside a judgment when it would be its duty to enter again the same judgment on motion of the adverse party." *Allen, J.,* in *Crumpler v. Hines,* 174 N. C., 283.

On the record, there was error in setting aside the judgment.

Reversed.