STACY, C. J., dissenting; ADAMS, J., concurs in dissent. *Page 346 
The plaintiff instituted an action in Ashe County against the defendants. The appealing defendant, R. C. McLean, was at the time of the commencement of the action a citizen of Gaston County. The summons was issued out of the Superior Court of Ashe County on 17 June, 1927, and a verified complaint was duly filed on said date. The summons was served on both defendants on 20 June, 1927. When the summons and complaint were served the appealing defendant employed Mangum Denny, a firm of reputable lawyers living in Gaston County. He disclosed to his attorneys all the facts constituting his defense, and they prepared an answer, which was duly filed in the Superior Court of Ashe County on 1 July, 1927. The cause came on for trial at the July Term, 1928. Neither of the defendants appeared in person or by attorneys, and upon the verdict of the jury judgment was entered against the defendant for the sum of $885.75, with interest and costs. On 21 November, 1928, the defendant McLean, after due notice, made a motion before the clerk to set aside said judgment on the ground of mistake, inadvertence, surprise and excusable neglect as provided by C. S., 600. The clerk overruled the motion of the defendant and he appealed to the judge of the Superior Court. The judge found three facts, to wit: (1) That the appealing defendant McLean employed the firm of Mangum Denny, attorneys at law, to represent him in the trial of the cause; (b) that the defendant did not employ any local counsel in regular attendance upon the Superior Court of Ashe County; (c) that the firm of Mangum Denny did not regularly attend the Superior Court of Ashe County.
Upon the foregoing facts the judge refused to set aside the judgment, and the defendant McLean appealed.
The case presents a single proposition of law, to wit: What duty does the law impose upon a defendant in a civil action with reference to the preparation and trial of his cause?
There are a host of decisions in this State upon the subject, and many of them are totally irreconcilable. However, it is fairly clear that two imperative duties are imposed upon a defendant in a civil action: First, he must give to the litigation such attention "as a man of ordinary prudence usually bestows upon his important business." This principle is announced in many cases, of which the following are illustrative: Kerchner v. Baker,82 N.C. 169; Pepper v. Clegg, 132 N.C. 312, *Page 347 43 S.E. 906; Jernigan v. Jernigan, 179 N.C. 237, 102 S.E. 310; LumberCo. v. Chair Co., 190 N.C. 437, 130 S.E. 12. Second, the defendant must employ counsel.
In Manning v. R. R., 122 N.C. 824, 28 S.E. 963, this Court said: "Litigation must ordinarily be conducted by means of counsel; and, hence, if there is neglect of counsel, the client will be held excusable for relying upon the diligence of his counsel, provided he is in no default himself. . . . He must, however, not only pay proper attention to the cause himself, but he must employ counsel who ordinarily practices in the court where the case is pending, or who are at least entitled to practice in said court and engage to go thither." Another portion of the same opinion declares: "Besides, even if the general counsel of the defendant, to whom the summons was sent, had been counsel regularly authorized and empowered to practice in the courts of this State, it does not appear that he was in the habit of attending regularly the courts of Bertie County, or especially agreed to attend the term of said court in this matter, and in the absence of such proof the defendant has not shown that it has paid proper attention to the case, and that its neglect was excusable, and this burden was on the defendant."
Apparently this case was the first to intimate that home geography had anything to do with the efficiency or diligence of counsel in representing clients. Moreover, the Manning case involved the employment of an attorney who was a nonresident of North Carolina, and therefore had no right to practice in our courts, and who did not habitually practice therein.
Again in Bank v. Palmer, 153 N.C. 501, 69 S.E. 507, this Court said: "It has been held by this Court that a party litigant `who seeks to be excused for laches, on the ground of excusable neglect, must show that the counsel employed is one who regularly practices in the court where the litigation is pending, or at least one who is entitled to practice therein and was especially engaged to go thither and attend to the case.'" CitingManning v. R. R. The Palmer case also involved the employment of a nonresident attorney.
Up to this point the duty imposed upon a defendant was to employ an attorney who either practiced regularly in the county where the litigation was pending or who was entitled to practice therein and was especially engaged to go thither, but this rule is tremendously expanded in later cases. Thus, in Jernigan v. Jernigan, 179 N.C. 237, 102 S.E. 310, the Court says: "It further appears that he employed attorneys not residing in Harnett County, where the case was pending, and not practicing in its courts. The learned judge could consider this fact upon the question of negligence." In the Jernigan case, suit was brought in Harnett, and the defendant employed able and reputable counsel at Smithfield in Johnston County, only a few miles away. *Page 348 
Again in Cahoon v. Brinkley, 176 N.C. 5, 96 S.E. 650, this Court said: "Where the defendant employs a counsel nonresident in this State, or even counsel in this State who does not reside in the county of trial, or who does not habitually attend that court, the judgment, for want of an answer, will not be set aside, for such neglect is inexcusable."
It is apparent, therefore, that the home geography rule was not at first contemplated; but, according to these decisions, it is the duty of a defendant, even though he employs reputable and efficient counsel in one county, to also employ local counsel residing in the county where the cause is to be tried. Under this rule, if a defendant relies upon the home-grown product, he is safe from the penalty of negligence; but if he relies upon a reputable attorney, duly authorized to practice in all the courts of North Carolina, but who does not happen to be affected by the local geography of the trial, he must suffer the consequence of his negligent act.
The rule requiring a litigant to employ local counsel was apparently built upon the idea that the counties of the State were foreign jurisdictions with respect to each other, and harks back to a time when transportation facilities and inter-communication in the State were crude and ineffective, thus rendering it practically impossible for a lawyer to attend to business beyond the range of his immediate vicinity. This conception was expressed in Cogdell v. Barfield, 9 N.C. 332, decided in 1823. In that case the defendant employed a lawyer in Duplin to appear and defend a case in Sampson. The attorney failed to discharge his duty. The Court declared that the defendant was entitled to no relief because he "incurred the risk of counsel's attendance, who did not practice in the court, while he was told of others that would be in attendance." This, of course, is a quaint doctrine as it seems, the defendant was penalized for failure to take the advice of volunteers who undertook to recommend good lawyers that could endure the hardship of the journey of a few miles from Duplin to Sampson. Nevertheless, it is quite apparent that the ideas of professional diligence and contacts with the court, obtaining over one hundred years ago, are still invoked to measure the professional responsibility of attorneys in this modern day of changed conditions and changed professional obligations.
The true rule was first expressed in Griel v. Vernon, 65 N.C. 76. This Court declared: "In this case the party retained an attorney to enter a plea for him; that an attorney should fail to perform an engagement to do such an act as that, we think may fairly be considered a surprise on the client; and that the omission of the client to examine the records in order to ascertain that it had been done, was an excusable neglect."
Again, in Taylor v. Pope, 106 N.C. 267, 11 S.E. 257, the defendant attended court, but was assured by this attorney that "he would attend *Page 349 
to the case." Relying upon such assurance, he left the court and judgment was taken against him. This Court held that the judgment should have been vacated.
In Seawell v. Lumber Co., 172 N.C. 320, 90 S.E. 241, the defendant employed counsel in Duplin to take charge of a suit instituted in Robeson County. The attorney so employed failed to secure counsel in Robeson County and judgment was entered. Upon motion duly made to set the judgment aside upon the ground of excusable neglect, this Court said: "The distinction between the negligence of counsel, while engaged in the performance of a professional duty, and the negligence of the party, is clearly marked, and the uniform rule with us is that the negligence of the first will not be attributed to the client if he, himself, is no fault; and this is true without regard to the solvency or insolvency of counsel." Again, it is said in the opinion "that the client who has employed a reputable attorney who is entitled to practice in the county where the action is pending, who is himself not in default, will be relieved." Applying the principles of law thus announced, the Court held that counsel employed in Duplin County was entitled to practice in the courts of Robeson County, and that for such reason the client was in no default, and was therefore entitled to have the judgment set aside.
Again in Grandy v. Products Co., 175 N.C. 511, 95 S.E. 914, the defendant employed counsel in New Hanover to represent him in a cause instituted in Mecklenburg County. A copy of the calendar was mailed to such counsel and thrown in the waste basket without being read. A judgment was obtained against the defendant and was set aside. The Court said: "If, however, the negligence of counsel is established, this is not sufficient reason for denying relief to the defendant, since it has been held in numerous cases that the negligence of counsel in the performance of professional duties will not be attributed to the client." The principle is reiterated in Helderman v. Mills Co., 192 N.C. 626, 135 S.E. 627,Justice Connor, writing for the Court, says: "Whether the neglect of the attorney to file the answer was upon the facts found, excusable, is not determinative of defendant's right to relief upon its motion; defendant having retained an attorney well known to it, for his high character and excellent professional standing, had the right to assume that he would advise it when and what action was required of it for making its defense. Upon the facts found, the conclusion that defendant's negligence was excusable, cannot be held to be error. The negligence of the attorney, upon the facts found, even if conceded, will not be imputed to defendant, who was free from blame."
The law, as set forth, in the foregoing quotations from our decisions, is supported by a host of cases in this jurisdiction, which surround the principles announced therein as a shining cloud of witnesses. English *Page 350 v. English, 87 N.C. 497; Ellington v. Wicker, 87 N.C. 14; Geer v.Reams, 88 N.C. 197; Gwathney v. Savage, 101 N.C. 103, 7 S.E. 661;Taylor v. Pope, 106 N.C. 267, 11 S.E. 257; Gaylord v. Berry, 169 N.C. 733,86 S.E. 623; Schiele v. Insurance Co., 171 N.C. 426,88 S.E. 764; Edwards v. Butler, 186 N.C. 200, 119 S.E. 7.
When the Supreme Court of North Carolina issues a license to an attorney, he is thereby entitled to practice in all the courts of this State. Furthermore, the very act of issuing the license is a solemn declaration of this tribunal that the person so licensed is possessed of that upright character and degree of learning which merits the confidence of those who commit their business into his hands. Attorneys, by virtue of the fact that they are officers of the Court, ought to be diligent; and if they fail to discharge the duties of employment, they ought to be held to strict accountability for negligence. But the client is not supposed to know the technical steps of a lawsuit any more than the patient the technical treatment for disease. Thus, as a matter of necessity, the client must rely upon his lawyer, and the patient must rely upon his physician. Undoubtedly, it is the duty of the client to furnish to his attorney all the facts with respect to his case, the names and addresses of his witnesses, and to hold himself in readiness at all times to attend the court where his cause is pending, and to do such other things as may be necessary for the prompt and diligent dispatch of business.
In the case at bar, the client employed reputable, skilled and competent counsel. He confided the facts constituting his defense and thereupon an answer was duly prepared and properly filed. He had no further notice until the judgment was rendered and the door of the courts closed against him. This record does not disclose that the client was guilty of any negligence or inattention unless he was required to employ two lawyers to perform the same duty; that is to say, a lawyer in Gaston and a lawyer in Ashe. This rule requiring a double agency for the performance of a single act, cannot be supported by logic or reason, and does not obtain anywhere else in our entire economic system.
The point is made that the trial judge did not find that the defendant had a meritorious defense. There are decisions to the effect that a failure to make such finding is fatal. There are decisions to the contrary. For instance, in English v. English, 87 N.C. 497, this Court said: "Nor can we give our assent to the proposition that before setting aside the judgment, it was the judge's duty to have ascertained as a fact, whether there existed a meritorious defense to the action, since, that would necessitate a trial by the court, of all the issues involved, and be to anticipate the very purposes of the motion. The affidavit of the defendant sets forth facts which establish a prima facie defense, and that is all the law requires." *Page 351 
Indeed it is the duty of the court to state the facts constituting the defense in order that the Supreme Court may determine the merit of the question. Winborne v. Johnson, 95 N.C. 46; Vick v. Baker, 122 N.C. 98,29 S.E. 64; Gaylord v. Berry, 169 N.C. 733, 86 S.E. 623.
In the Gaylord case, supra, the court examined the affidavits filed and found therefrom a meritorious defense, although the trial judge found to the contrary and remanded the case for "fuller findings of fact, with leave to file additional affidavits, if the parties are so advised."
In those cases in which no answer has been filed the nature of the defense must necessarily be presented by affidavits. In such event it would be necessary for the trial judge to find whether or not there was a meritorious defense. But in cases where the pleadings have been filed an inspection of the pleading itself will disclose to the reviewing court whether a meritorious defense was alleged. This perhaps explains the irreconcilable ruling of the court upon the subject. In support of this view it is perhaps more than significant that the following cases: Bowie v.Tucker, 197 N.C. 671, 150 S.E. 200; School v. Peirce, 163 N.C. 424,79 S.E. 687; Hardware Co. v. Buhmann, 159 N.C. 511, 75 S.E. 731;Norton v. McLaurin, 125 N.C. 185, 34 S.E. 269; Taylor v.Gentry, 192 N.C. 503, 135 S.E. 327; Albertson v. Terry,108 N.C. 75, 12 S.E. 892; Holcomb v. Holcomb, 192 N.C. 504,135 S.E. 287, were all cases in which no answer had been filed; and in these cases the absence of a finding of meritorious defense has been featured.
In the case at bar an answer was filed in apt time and is here before us. An examination of the answer discloses that facts are alleged, which, if believed, would constitute a meritorious defense.
It is suggested that the trial courts may experience difficulty in following the construction of the law herein declared, but the plain answer is that in order to follow the decisions now existing, it would be necessary to possess the double head of Janus, and such transcendent qualification ought not to be required of trial judges.
It appears that the appealing defendant duly employed well-known and reputable attorneys, disclosing all the facts necessary to his defense, and that an answer was duly prepared and filed in apt time, containing a meritorious defense. It further appears that said attorneys accepted the employment by making an appearance in due time, and that they were entitled to practice in the Superior Court of Ashe County as a matter of right, and that no negligence is disclosed upon the part of the appealing defendant. Therefore, we hold, and so decree that the defendant is entitled to have the judgment complained of set aside.
Reversed.