evidence was conflicting and the jury would have been fully warranted in finding for the defendant. This, however, they did not do. A close examination of all exceptions discloses to us no reversible error, and the judgment is affirmed.

No error.

---

### ORANGE COUNTY v. DAISY JENKINS ET AL.

(Filed 27 January, 1931.)

APPEAL by C. P. Hinshaw from *Grady, J.* From ORANGE.

*R. T. Giles for plaintiff.*
*J. R. Carawan for Hinshaw, respondent.*

PER CURIAM. In view of the agreed facts and the admissions set out in the judgment, we are of opinion that the decision in *Orange County v. Andrew Jenkins et al., ante,* 202, is controlling in this case. Judgment Affirmed.

---

### MRS. PATTIE WEST, TRADING AS O. B. WEST & COMPANY, v. W. B. COPPERSMITH ET AL.

(Filed 18 February, 1931.)

APPEAL by defendants from *Harris, J.,* at November Term, 1930, of PASQUOTANK.

Motion under C. S., 600, to set aside judgment by default and inquiry for excusable neglect. Motion denied. Defendants appeal.

*McMullan & LeRoy for plaintiff.*
*Thompson & Wilson for defendants.*

PER CURIAM. There is neither finding nor evidence on the record sufficient to establish that the neglect of the defendants was legally excusable. Hence, the ruling must be upheld on authority of *Sutherland v. McLean,* 199 N. C., 345, and *Pepper v. Clegg,* 132 N. C., 312, 43 S. E., 906.

Affirmed.