MRS. BELLE Z. CLAYTON v. L. D. ADAMS, J. Q. ADAMS, DELLA C. ROBERSON AND H. B. ROBERSON.

(Filed 11 July, 1934.)

**1. Appeal and Error J c—**

Findings of fact by the trial court, supported by competent evidence, are conclusive on appeal.

**2. Judgments K b—**

The refusal of a motion to set aside a judgment for surprise and excusable neglect will be upheld where the trial court finds from competent evidence that notice of the time set for trial was duly sent movant's counsel through the mail, but was not received by him.

APPEAL by defendant, N. W. Phelps, from *Cowper, Special Judge,* at November Term, 1933, of FORSYTH.

*R. L. Huffman for appellant.*
*No counsel for appellee.*

PER CURIAM. At 25 September Term, 1933, of Forsyth County Superior Court, the plaintiff recovered judgment for the sum of $1,500 and interest from 15 February, 1932, against L. D. Adams, J. Q. Adams, Della C. Roberson, H. B. Roberson and N. W. Phelps. The judgment further recited that "N. W. Phelps is primarily responsible and liable to the plaintiff for the payment of the judgment," etc.

On 20 November, 1933, the defendant Phelps made a motion to set aside the judgment upon the ground of excusable neglect and surprise, C. S., 600, and alleged that he had a good, meritorious and complete defense to the action. The defendant Phelps, was made a party to the original action, employed attorneys and filed an answer. In the judgment of the court below in reference to Phelps' counsel being notified of the trial, is the following: "The court further finds as stated in the foregoing judgment that the letters were duly mailed, with the return cards; that neither has ever been returned to the writers and that all was done that could be done as referred to in the judgment to notify said attorney; that this case was set for trial as the first case for 4 October, 1933; that such notices were sent one week prior to the convening of the court, the court is of the opinion, and so finds, that the said letters did go in the mail box of said attorney, but for some reason, which is no fault of the plaintiffs in this case, he has not actually received them.

"Upon the foregoing and all of the findings of fact heretofore made, the judgment rendered heretofore denying defendant Phelps' motion to set aside the judgment signed in this cause at the 25 September Term,

1933, in the Superior Court of Forsyth County is approved and remains the judgment in reference to said motion."

The only exception and assignment of error made by defendant Phelps is the following: "To the findings of fact made by the court and to the judgment pronounced thereon for the reason that same is contrary to the weight of evidence as adduced by the moving party, N. W. Phelps."

The findings of fact in the court below supported by competent evidence are conclusive and not reversible on appeal. *Turner v. Grain Co.,* 190 N. C., 331; *Crye v. Stoltz,* 193 N. C., 802; *Bowie v. Tucker,* 197 N. C., 671 (672). In the present case, the court below found that notice was sent to Phelps' duly authorized counsel of record of the time set for the trial. The judgment of the court below is

Affirmed.