FRANK ALLEN v. A. P. McPHERSON.

(Filed 24 March, 1915.)

1. Judgments—Excusable Neglect—Findings—Appeal and Error.

On appeal from the refusal of a motion to set aside a judgment for excusable neglect, the findings of fact by the trial judge are not reviewable, except in cases of gross abuse or where the findings are not supported by any evidence.

**2. Same—Matters of Law.**

Upon motion to set aside a judgment for excusable neglect, where the findings of fact of the trial judge are supported by evidence, whether as a matter of law the neglect was excusable is reviewable on appeal.

**3. Same—Court's Discretion—Interpretation of Statutes.**

Where under the findings of fact the trial judge correctly concludes that the neglect of a motion to set aside a judgment was not excusable, it concludes the matter; but where he correctly concludes that the neglect was excusable, the question of setting aside the judgment is a matter in his discretion, except in cases of gross abuse, and is not reviewable on appeal. Revisal, sec. 513.

**4. Appeal and Error—Attorney and Client—Laches of Counsel—Duty of Client.**

The neglect of counsel, intrusted with the prosecution of an action, is chargeable to the client, for he must personally see that his appeal is regularly prosecuted within the time and in accordance with the rules prescribed.

**5. Judgments—Excusable Neglect—Appeal and Error—Meritorious Defense —Findings of Trial Judge.**

Upon appeal from the refusal of the trial court to set aside a judgment against a defendant for excusable neglect, a finding is necessary that there is a meritorious defense which could be set up if the judgment is set aside.

**6. Judgments—Default and Inquiry—Burden of Proof.**

A judgment by default and inquiry establishes merely the plaintiff's cause of action, carrying the costs, but still leaves the burden of proof on the plaintiff as to the inquiry.

ALLEN, J., did not sit.

APPEAL by the defendant from the refusal by *Cooke, J.,* at March Term, 1914, of WAKE, of a motion to set aside the judgment on the ground of excusable neglect.

*Armistead Jones & Son and W. C. Harris for plaintiff.*
*Charless Ross and W. C. Douglass & Son for defendant.*

CLARK, C. J. This was a motion to set aside the judgment on the ground of excusable neglect. The summons was issued 25 January, 1913. Time to file complaint was extended and it was filed at April Term, 1913. The defendant was allowed till next term to file answer, but he did not then file answer, and at the fifth term after filing the complaint the plaintiff moved for and obtained judgment by default and inquiry. The defendant had employed a lawyer living at Lillington, in Harnett County (where the defendant himself lived), and did not employ any resident or local counsel in Wake, where the cause was pending, to represent him. The motion to set aside the judgment was not made till November Term, 1913, of Wake.

On a motion to set aside a judgment for excusable neglect, the findings of fact by the judge are conclusive and irreviewable, and we cannot look into the affidavits to contradict his findings, except on allegation that there is no evidence to sustain the findings, which is not the case here. On the findings of fact, whether as a matter of law there was or was not excusable neglect is reviewable on appeal. If the judge finds correctly that the neglect was not excusable, that concludes the matter. If, however, he finds that the neglect was excusable, whether in such case he shall set aside the judgment is a matter in his discretion, and not reviewable, except in a case of gross abuse. This section (Rev., 513) was analyzed and fully discussed in *Norton v. McLaurin,* 125 N. C., 185. See, also, citations to that case in the Anno. Ed.

In *Norton v. McLaurin, supra,* the Court held: (1) The negligence of counsel will not excuse, if the client himself has been neglectful. (2) Before granting an application to set aside a judgment, the Court must find, as a material fact, that the defendant has a meritorious defense. In this case the facts show that the client himself was neglectful. A client cannot place his case in the hands of his counsel and pay no further attention to it. "It is not enough that parties to a suit should engage counsel and leave it entirely in his charge. They should, in addition to this, give it that amount of attention which a man of ordinary prudence usually gives to his most important business." *Roberts v. Allman,* 106 N. C., 391; *Pepper v. Clegg,* 132 N. C., 315. See, also, numerous cases cited in that opinion and the citations thereto in the Anno. Ed. In *Pepper v. Clegg, supra,* we said: "When a man has a case in court, the best thing he can do is to attend to it." This has been quoted with approval, *McClintock v. Ins. Co.,* 149 N. C., 36, and in *Lunsford v. Alexander,* 162 N. C., 530.

In *S. v. Downs,* 116 N. C. (quoted and approved *S. v. McLean,* 121 N. C., 601; *Barber v. Justice,* 138 N. C., 21), we said that the ignorance of law by counsel would not be an excuse for a client, for if it were, "the more ignorant counsel could manage to be, the more he might be in demand." For the same reason, if the negligence of counsel were an excuse, when the client himself pays no attention to the case, then "the more negligent counsel could manage to be, the more valuable he would become."

In *Manning v. R. R.,* 122 N. C., 828, we discussed the duty of clients to look after their lawsuits and not surrender the matter entirely to the hands of their counsel, and deprecated the system of employing counsel nonresident in the county where the action is pending, or not regularly attending that court, and said: "Our laws do not recognize this leisurely, kid-glove and dilettante manner of attending to legal proceedings at long range." To same effect, *Osborn v. Leach,* 133 N. C., 430; *Bank v. Palmer,* 153 N. C., 503.

It is also essential for the judge to find that the defendant has a meritorious defense which could be set up if the judgment is set aside. *Stockton v. Mining Co.,* 144 N. C., 599, and cases there cited; *Minton v. Hughes,* 158 N. C., 587. The additional finding that "The defendant denies the obligation set out in the complaint," is not the finding that he has a meritorious defense.

In this case it so happens, fortunately for defendant, that the judgment is only by default and inquiry, and the burden is still upon the plaintiff to prove his case, as such judgment is practically only a judgment for costs. It establishes merely that the plaintiff has a cause of action. *Stockton v. Mining Co.,* 144 N. C., 595; *Osborn v. Leach,* 133 N. C., 427.

The refusal of the motion to set aside the judgment is
Affirmed.

ALLEN, J., did not sit.