J. R. CRYE v. J. PERRY STOLTZ AND FLEETWOOD OF HENDERSONVILLE CORPORATION.

(Filed 25 May, 1927.)

1. **Judgment—Default—Motions — Excusable Neglect — Meritorious Defense.**

　　The party moving within a year to set aside a judgment taken against him for mistake, inadvertence, surprise, or excusable neglect, C. S., 600, must also make it to appear that he has a meritorious defense.

2. **Clerks of Court—Judgments—Default—Jurisdiction—Statutes.**

　　Where the complaint declares upon a contract and alleges damages for its breach in a sum certain, and sets up matters that would constitute a statutory lien upon the subject-matter of the contract, the clerk of the court, under the provisions of our statute, has authority to render judgment by default for the want of an answer in the specific amount demanded, and to declare and enforce the lien, C. S., 595; 3 C. S., 593, and issue an execution thereunder, and order a distribution of the funds so received. Chapter 222, Public Laws 1925. Held further, the rights of lienors not parties to the action not being presented, the Court does not pass thereon.

**3. Same—Liens—Parties—Appeal and Error.**

Where a judgment by default final has been obtained against a corporation, providing for the enforcement of a statutory lien, a receiver therefor afterwards appointed cannot complain that the trustee in a deed of trust for the benefit of creditors had not been made defendant on his motion to set aside the judgment for excusable neglect, when by the terms of the instrument such liens were not disturbed or affected.

APPEAL by John T. Wilkins, receiver of Hendersonville Hotel Corporation, from *Parker, J.*, at January Term, 1927, of HENDERSON.

Summons was issued on 22 July, 1926, and was returnable 5 August. The complaint, duly verified, was filed when the summons was issued, and the summons and complaint were served on the defendants 22 July, 1926. A warrant of attachment was issued against the property of Stoltz, a nonresident.

The plaintiff alleged that on 26 September, 1925, he made a contract with Stoltz, owner of the property known as Fleetwood of Hendersonville Hotel Corporation property, to clear certain roadways, to make gradings and excavations and to perform certain other work at an agreed price, the amount of which was $6,609.62. Further, that the Fleetwood Hendersonville Hotel Corporation entered into a joint obligation with Stoltz to carry out and perform the contract with the plaintiff. Time for filing the answer was extended to 1 September, and afterwards to 20 September. On 25 October, 1926, no answer having yet been filed, the clerk gave judgment by default final for $6,609.92, as the liquidated sum due the plaintiff.

On 27 December, 1926, John T. Wilkins, receiver of the Hotel Corporation, moved upon affidavit to set aside the judgment under C. S., 600, for surprise and excusable neglect, alleging that an execution had been issued on the judgment, and that the sheriff had gone through the form of selling the land to the plaintiff.

A restraining order was issued and the cause was heard before Judge Parker. The affidavit was then amended so as to allege a want of authority on the part of the clerk to render the judgment. The motion was denied, and the receiver excepted and appealed.

*Harkins & Van Winkle and W. B. Snow for appellant.*
*Stephen Nettles and Ewbank, Whitmire & Weeks for appellee.*

ADAMS, J. At any time within one year after notice thereof the judge, upon such terms as may be just, may relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect. C. S., 600. There are numerous decisions which hold that the applicant for relief under this section must show a merito-

rious defense as well as mistake, inadvertence, surprise, or excusable neglect. *Cook v. Bailey,* 190 N. C., 599; *Duffer v. Brunson,* 188 N. C., 789; *Bank v. Duke,* 187 N. C., 386; *Land Co. v. Wooten,* 177 N. C., 248; *Crumpler v. Hines,* 174 N. C., 283. In the judgment appealed from there is an express finding, not only that no surprise or excusable neglect has been proved, but that the defendants have been negligent, and have failed to show any meritorious defense to the plaintiff's cause of action. These findings, supported by the evidence, are conclusive, and therefore not reviewable on appeal. *Turner v. Grain Co.,* 190 N. C., 331.

In our opinion the appellant's position that the clerk had no authority to render judgment by default, or to declare the lien is not maintainable. Judgment by default final may be had, as provided in C. S., 595; and in 3 C. S., 593, it is provided that the clerk may enter such judgments by default final as are authorized by section 595 *et seq.* It is further provided by the act of 1925 that execution may be issued by the clerk upon judgments before him under section 593, and that he may make a final order of disbursement. Public Laws 1925, ch. 222. We see no practical or satisfactory reason why an execution should not be issued, under the facts before us, by virtue of this section.

The appellant suggests that the judgment rendered by the clerk had the effect of excluding, without a hearing, all other parties who had filed liens against the property. This, however, is a matter for the lienors. As to them, the judgment makes no provision, and as their status has not been adjudicated, of course they have not appealed. It is, therefore, not necessary to discuss as an academic question the bearing on the appellant's contention of *Harris v. Cheshire,* 189 N. C., 219, and similar cases.

The fifth assignment of error advances the proposition that as the defendant corporation made a conveyance of its property to trustees for the benefit of creditors prior to the institution of the present action, or the filing of the plaintiff's lien, the trustees not being parties, the judge should have vacated the judgment given by the clerk. We think a sufficient answer to this position may be found in the following paragraph of the deed of trust: "It is the intent and purpose of this instrument, and it is understood and agreed by the parties hereto, that the execution and delivery and the acceptance of the same shall not have the effect of destroying, affecting, or operating as a waiver of any liens or lien rights which any contractors, subcontractors, material furnishers, mechanics, or laborers may now possess, or to which they may now be entitled under the laws of North Carolina, and that all such liens or lien rights are fully reserved and preserved in any and all property of the Fleetwood of Hendersonville Hotel Corporation."

In view of this provision, we do not perceive how the failure to make the trustees parties to the action operates as a preference which, under the judge's findings, would defeat the judgment recovered by the plaintiff.

The judgment is
Affirmed.