T. C. BOWIE v. H. C. TUCKER AND MARTHA TUCKER.

(Filed 6 November, 1929.)

**1. Judgments K b—Finding of meritorious defense necessary to setting aside judgment for excusable neglect.**

Where the judge presiding at a term of the Superior Court corrects a judgment he has inadvertently signed dismissing the action, and in the absence of the defendant, enters a judgment sustaining a demurrer to the complaint and granting the parties additional time in which to file amended pleadings, and the plaintiff files an amended complaint, a copy of which the defendant fails to receive, and the clerk grants a judgment by default and inquiry thereon, C. S., 600, the action of the trial court at a succeeding term setting aside such judgment for excusable neglect without a finding of a meritorious defense will be reversed.

**2. Trespass B b—Action of trespass was alleged in this case.**

Where an alley has been dedicated to the public and accepted by it, an allegation of the complaint in an action against an abutting owner that he has closed the alley with an obstruction and fastened the end on to the plaintiff's abutting property on the other side is one to the effect that the defendant has trespassed upon the property rights of the plaintiff and is sufficient to allege a good cause of action.

**3. Judgments L a—Judgment sustaining demurrer and granting time for filing amended pleadings does not estop plaintiff.**

Where the trial court enters a judgment sustaining a demurrer to the complaint and therein grants the parties additional time to file amended pleadings in his plenary discretionary power, the order sustaining the demurrer, unappealed from, does not work an estoppel upon the plaintiff to proceed on the amended pleading.

APPEAL by plaintiff from *McElroy, J.,* at July Term, 1929, of ASHE.

The plaintiff brought suit to recover damages for wrongfully closing an alley dedicated to public use and wrongfully connecting fences of the defendants with a brick and concrete wall erected on the plaintiff's property.

Judge Clement sustained a demurrer to the complaint and said at the time that he would grant the plaintiff time to file an amended complaint and the defendants time to answer. The parties were then in court at a regular term. Judge Clement inadvertently signed a judgment dismissing the action. This judgment was not tendered to the plaintiff or his attorney. Upon discovering the mistake, without notice given to the defendants or their attorney he canceled the first judgment and rendered another in accordance with his announced purpose, sustaining the demurrer and allowing the plaintiff 40 days in which to file an amended complaint, and the defendants 40 days thereafter in which to answer. Within the time allowed him the plaintiff filed an amended complaint, a

copy of which was given the clerk and by the clerk mailed to, but not received by, the defendants' attorney. The defendants filed no answer to the amended complaint, and on 4 March, 1929, the clerk signed a judgment by default and inquiry. The defendants appealed and Judge McElroy, upon facts found and set out in his judgment, adjudged that the defendants were entitled to have the judgment by default and inquiry set aside on the ground of excusable neglect and reversed the judgment of the clerk. To Judge McElroy's judgment plaintiff excepted and appealed therefrom to the Supreme Court.

*C. W. Higgins for plaintiff.*
*W. R. Bauguess for defendants.*

ADAMS, J. The clerk gave judgment by default and inquiry and the defendants made a motion before him to set aside the judgment on the ground of surprise and excusable neglect. The motion was denied, and upon appeal the clerk's judgment was reversed. C. S., 600. An applicant for relief under this section must show a meritorious defense, as well as excusable neglect. *Dunn v. Jones*, 195 N. C., 354; *Crye v. Stoltz*, 193 N. C., 802; *Helderman v. Mills Co.*, 192 N. C., 626. Conceding that there is sufficient evidence of excusable neglect to support the finding to this effect, we have discovered no evidence whatever, and of course there is no finding, of a meritorious defense.

The defendants contend that this principle is not applicable because the complaint does not state a cause of action. We do not concur in this conclusion. The allegations are that the brick wall is entirely on the property of the plaintiff; that between his property and that of the defendants there is an alley which has been dedicated to the public use; that it has been closed by the defendants; and in effect that the defendants have trespassed on the plaintiff's property by connecting their fences with his wall. In *Milliken v. Denny*, 135 N. C., 19, cited and relied on by the defendants, it was said, "We find no suggestion in the complaint that the alleged alley was dedicated to any public use"; and the absence of an allegation of dedication marks the difference between the complaint in that case and the one in the case before us. Where there is a dedication and acceptance of property to the use of the public the right of user at once arises and time is no longer material. *Tise v. Whitaker*, 146 N. C., 374. This is the substance of the amended complaint, which the plaintiff is entitled to establish by competent evidence, unless the defendants disconnect their fence from the plaintiff's wall and reopen the alley, the plaintiff alternately asking either this relief or damages for the alleged wrong.

The defendants finally advert to the principle that an unappealed judgment sustaining a demurrer to the merits of an action estops the plaintiff from further proceedings. If nothing more than a judgment sustaining the demurrer appeared in the present record the position would merit serious consideration. *Bank v. Dew,* 175 N. C., 79; *Swain v. Goodman,* 183 N. C., 531. But Judge Clement, during a regular term of the Superior Court, made an order in the exercise of his discretion granting the parties time in which to file additional pleadings. Pursuant to this order the plaintiff filed his amended complaint. The order sustaining the demurrer to the former complaint could not therefore work an estoppel upon the plaintiff to proceed on the amended pleading. That the judge had the power to make the order is unquestionable. *Goins v. Sargent,* 196 N. C., 478; *Hines v. Lucas,* 195 N. C., 376; *Aldridge v. Insurance Co.,* 194 N. C., 683. Indeed, permission to file amended pleadings after a demurrer is sustained, if the judge thinks the ends of justice will be thereby promoted, is suggested as the proper practice in *Milliken v. Denny, supra.*

The order setting aside the judgment by default and inquiry is
  Reversed.