J. L. KERR v. NORTH CAROLINA JOINT STOCK LAND BANK
OF DURHAM.

(Filed 1 November, 1933.)

1. Appeal and Error J c—

The findings of fact by the trial judge upon an appeal from an order of the clerk denying defendant's motion to set aside a judgment under C. S., 600, are not reviewable when supported by competent evidence.

**2. Judgments K b — General counsel's failure to procure attorney to appear in an action is imputable to the client.**

While the neglect of the general counsel of a land bank to prepare and file an answer in an action against the bank may not be imputed to the bank where the attorney is directed to appear and defend the action, where it does not appear that the general counsel was directed to appear in behalf of the bank in the Superior Court or that he undertook to do so, his neglect to procure an attorney to defend the action in the Superior Court is imputable to the bank, the general counsel being regarded as the client's agent in the procurement of an attorney to appear in the action.

APPEAL by defendant from *Grady, J.,* at August Term, 1933, of SAMPSON. Affirmed.

This action was heard by the judge of the Superior Court on defendant's appeal from the order of the clerk, denying defendant's motion that the judgment by default final in the action be set aside for that the neglect of the defendant to file an answer to the complaint was excusable. On the facts found by the judge, and set out in the judgment, the order was affirmed, and the defendant appealed to the Supreme Court.

*Butler & Butler for plaintiff.*
*Bryant & Jones for defendant.*

PER CURIAM. The findings of fact set out in the judgment are supported by the evidence offered at the hearing before the judge of the Superior Court. They are, therefore, conclusive, and not reviewable by this Court. *Crye v. Stoltz,* 193 N. C., 802, 138 S. E., 167; *Turner v. Grain Co.,* 190 N. C., 331, 129 S. E., 725; *Gaster v. Thomas,* 188 N. C., 346, 124 S. E., 609. On the finding by the judge that the neglect of the defendant to file an answer to the complaint within the time prescribed by statute, was not excusable, the motion of the defendant was properly denied. The further finding that the defendant had failed to show a meritorious defense to the cause of action alleged in the complaint, while supported by the evidence, is immaterial. C. S., 600.

Conceding that the inexcusable neglect of the general counsel of defendant to prepare and file an answer to the complaint, as he was directed to do by the defendant, should not be imputed to the defendant (*Helderman v. Hartsell Mills Co.,* 192 N. C., 626, 135 S. E., 627), we are of the opinion that the defendant is not free from blame. It does not appear that its general counsel was directed by the defendant to appear in its behalf in the Superior Court of Sampson County, where the action was pending, or that he undertook to enter such appearance. In *Manning v. R. R.,* 122 N. C., 824, 28 S. E., 963, it is said: "Litigation must ordinarily be conducted by means of counsel, and hence, if there is neglect of counsel the client will be held excusable for relying

upon the diligence of his counsel, provided he is in no default himself. *Roberts v. Allman,* 106 N. C., 391, *Burke v. Stokely,* 65 N. C., 569. He must, however, not only pay proper attention to the cause himself, but he must employ counsel who ordinarily practices in the court where the case is pending, or who is at least entitled to practice in said court, and engage to go thither. If he employ counsel whose duty is not to attend to the case himself, but merely to select counsel who will do so, the first named counsel is *pro hac vice* an agent merely, his duty not being professional, and his neglect is the neglect of the party himself, and not excusable. *Finlayson v. Accident Co.,* 109 N. C., 196." This principle is applicable to the instant case. The judgment is

Affirmed.