The plaintiff is the holder of a note which was executed by the defendants W. R. Hinnant and his wife, Sallie Hinnant, and secured by a deed of trust executed by said defendants to the defendant, H. S. Stanback, trustee. The land conveyed by said deed of trust is situate in Wilson County. The deed of trust was duly recorded in the office of the register of deeds of said county.
The note secured by the deed of trust is dated 9 May, 1924, and was payable to the order of the Commercial Bank of Wilson on 1 November, 1924. The plaintiff purchased the said note from the North Carolina Mutual Life Insurance Company of Durham, N.C. to whom the said note had been negotiated by the payee on 23 June, 1927.
On 14 January, 1928, the defendants W. R. Hinnant and his wife, Sallie Hinnant, paid to the defendant H. S. Stanback, trustee, who was the cashier of the Commercial Bank, the payee, the amount due on said note, taking from said trustee his receipt for said amount. On 18 January, 1928, the defendant H. S. Stanback, trustee, without the knowledge of the holder of said note at said date, entered on the record in the office of the register of deeds of Wilson County, a cancellation of said deed of trust, C.S., 2594(1).
The defendant Mrs. M.C. Perry is now the owner of the land described in the deed of trust, claiming title thereto under a deed executed *Page 201 
by the defendants W. R. Hinnant and his wife, Sallie Hinnant, subsequent to the cancellation of the deed of trust by the defendant H. S. Stanback, trustee. Mrs. M.C. Perry is a purchaser for value of said land, without notice of any invalidity in the cancellation of the deed of trust securing the note held by the plaintiff, as shown by the record.
This action is for judgment that the cancellation of the deed of trust appearing in the record in the office of the register of deeds of Wilson County is null and void as against the plaintiff.
When the action was called for trial at November Term, 1933, of the Superior Court, the plaintiff failed to appear in person or by counsel to prosecute the same. After the plaintiff had been duly called, and had failed to appear and prosecute his action, the action was nonsuited.
Thereafter, on the same day, the plaintiff and his counsel appeared and moved the court to set aside the judgment of nonsuit, and to reinstate the action for trial. On its findings of fact, the court concluded that plaintiff's cause of action is not meritorious, and denied the motion. Plaintiff appealed to the Supreme Court.
The motion of the plaintiff that the judgment of nonsuit be set aside, and the action be reinstated on the docket for trial, was addressed to the discretion of the court. For that reason, the order denying the motion is not reviewable by this Court. The appeal from said order must be dismissed.
The plaintiff did not except to the findings of fact on which the court concluded that plaintiff's cause of action is without merit. On these findings, the conclusion of the court was correct, and is in accord with authoritative decisions of this Court. See Guano Co. v. Walston,187 N.C. 667, 122 S.E. 663; Bank v. Sauls, 183 N.C. 165, 110 S.E. 865.
Appeal dismissed.