(For digest see Parham v. Hinnant, ante, 200.)
The plaintiff is the holder of a note which was executed by the defendants John H. Morgan and his wife Cora Morgan, and is secured by a deed of trust executed by the said defendants to the defendant H. S. Stanback, trustee. The land conveyed by said deed of trust is situate in Wilson County. The deed of trust was duly recorded in the office of the register of deeds of said county.
The note secured by the deed of trust is dated 2 January, 1925, and was payable to the order of the Commercial Bank of Wilson, on 8 January, 1926. The plaintiff purchased said note on 8 November, 1930, from North Carolina Mutual Life Insurance Company of Durham, N.C. to whom the said note was negotiated by the payee on 23 June, 1927.
On 25 January, 1928, the defendants John H. Morgan and his wife, Cora Morgan, paid to the defendant H. S. Stanback, trustee, who was also cashier of the Commercial Bank, payee of said note, the amount due thereon, taking from said trustee, his receipt for said amount. On the same day, without the knowledge of the holder of said note at said date, the defendant H. S. Stanback, trustee, entered on the records in the office of the register of deeds of Wilson County, a cancellation of said deed of trust, C.S., 2594(1).
The defendant Hattie B. Young is now the owner of the land described in the deed of trust, subject to a deed of trust executed by the defendants John H. Morgan and his wife, Cora Morgan, to the defendant D. S. Boykin, trustee, to secure a note payable to the order of the defendant Carolina Building and Loan Association. Both the deed under which the defendant Hattie B. Young claims title to said land, and the deed of trust to the defendant D. S. Boykin, trustee, were executed and recorded subsequent to the cancellation of the deed of trust by which the note held by the plaintiff is secured. Both the defendants, Hattie B. Young, and D. S. Boykin, trustee, are purchasers for value of the land described in said deed of trust, without notice of any invalidity in the cancellation, appearing on the record in the office of the register of deeds, of the deed of trust by H. S. Stanback, trustee.
This is an action for judgment that the cancellation of the deed of trust by which the note held by plaintiff is secured is null and void as against the plaintiff.
When the action was called for trial at the November Term, 1933, of the Superior Court, the plaintiff failed to appear in person or by counsel to prosecute the same. After the plaintiff had been duly called and had failed to appear and prosecute his action, the action was nonsuited.
Thereafter, on the same day, the plaintiff and his counsel appeared and moved the court to set aside the judgment of nonsuit, and to *Page 203 
reinstate the action on the docket for suit. On its findings of fact, the court concluded that plaintiff's cause of action was not meritorious, and denied the motion. Plaintiff appealed to the Supreme Court.
The motion of the plaintiff that the judgment of nonsuit be set aside, and the action be reinstated on the docket for trial, was addressed to the discretion of the court. For that reason the order denying the motion is not reviewable by this Court. The appeal must be dismissed.
The plaintiff did not except to the findings of fact on which the court concluded that plaintiff's cause of action is without merit. On these findings, the conclusion of the court was correct, and is in accord with authoritative decisions of this Court. See Parham v. Hinnant, ante, 200.
Appeal dismissed.