GAITHER CARTER v. N. P. ANDERSON AND H. C. ANDERSON, ADMINIS-
TRATOR OF THE ESTATE OF W. C. ANDERSON, DECEASED.

(Filed 9 October, 1935.)

**1. Appeal and Error J c—**

The findings of fact by the trial court upon the hearing of a motion to set aside a judgment for excusable neglect, N. C. Code, 600, are conclusive on appeal when supported by any competent evidence.

**2. Judgments K b—Judgment held taken upon neglect of client present at time of refusal of his attorney's motion for continuance.**

Although the neglect of an attorney employed to defend an action will not ordinarily be imputed to his client, and will not, therefore, prevent the setting aside of a judgment by default upon a showing of excusable neglect and a meritorious defense, N. C. Code, 600, where the trial court finds upon supporting evidence that defendants and their attorney were present in court at the beginning of the term at which the judgment was rendered, that defendants' motion for a continuance was refused, and that defendants and their attorney thereupon left the court room without definite agreement with the court or opposing counsel, and did not return to

defend the case, and that both defendants and their attorney had failed to exercise due diligence, the court's refusal of the motion to set aside the judgment will be affirmed on appeal.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Warlick, J.,* at March Term, 1935, of MADISON. Affirmed.

This was a motion made by defendants to vacate and set aside a judgment rendered against them at the March, 1934, Term of court of Madison County. After due notice, the matter regularly came on to be heard before his Honor, Wilson Warlick, judge presiding at the March, 1935, Term of Madison Superior Court, and after hearing the reading of affidavits and argument of counsel, the court refused to grant the motion of defendants, and judgment was rendered as follows:

"The above entitled matter coming on for a hearing before his Honor, Wilson Warlick, judge presiding, and being heard upon the verified motion to set aside and vacate the judgment heretofore rendered in said cause at the March, 1934, Term of the Superior Court of Madison County, and being heard upon said verified motion, together with affidavits submitted by both the plaintiff and the defendants, the court finds the following facts:

"That this action, as above entitled, was duly commenced and was pending and at issue prior to the March, 1934, Term of the Superior Court of Madison County; that said case was duly placed upon the civil calendar for trial at said March Term, 1934, and that the defendants, represented by their attorney, I. C. Crawford, were in attendance upon said court during Monday and Tuesday of said term; that the defendants, through their attorney, made a motion for a continuance of said case, which motion was denied.

"That thereafter, without obtaining permission of the court, the defendants, together with their attorney, left the court without any definite agreement with the court or the attorneys in opposition that said case would not be reached for trial, did not return to defend said case; that said case was duly reached for trial on Friday, during the March Term, 1934, and a jury was regularly impaneled, issues submitted and answered by the jury in favor of the plaintiff, and judgment pronounced thereon.

"Upon the above findings of facts, the court being of the opinion that the defendants and their attorney had not exercised due diligence in the defense of their cause,

"It is therefore, upon motion of Guy V. Roberts and John H. McElroy, attorneys for plaintiff,

"Ordered, adjudged, and decreed that the defendants' motion to vacate and set aside the judgment heretofore rendered be and the same is hereby

denied. All affidavits are herewith incorporated herein. Wilson Warlick, Judge Presiding."

The only exception and assignment of error is that "The court erred in overruling defendants' motion to vacate and set aside the judgment rendered against them."

*John H. McElroy and Guy V. Roberts for plaintiff.*
*J. Y. Jordan, Jr., and Calvin R. Edney for defendants.*

CLARKSON, J. The question presented: Did appellants, defendants in the trial court, exercise due care and diligence in the preparation and trial of the case against them sufficient to justify the vacating and setting aside of the judgment rendered against them in the Superior Court of Madison County, N. C.? We think not.

This is a motion by defendants to set aside a judgment for excusable neglect, under N. C. Code, 1931 (Michie), sec. 600, which, in part, is as follows: "The judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, verdict, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding," etc.

A judgment may be set aside under this section if the moving party can show excusable neglect, and that he has a meritorious defense. *Dunn v. Jones,* 195 N. C., 354; *Bowie v. Tucker,* 197 N. C., 671.

In *Helderman v. Mills Co.,* 192 N. C., 626 (629), it is said: "The negligence of the attorney, upon the facts found, even if conceded, will not be imputed to defendant, who was free from blame. *Edwards v. Butler,* 186 N. C., 200."

In the present cause the court below found the facts. There was sufficient competent evidence to support these findings of fact, and therefore conclusive upon appeal by defendants to this Court. *Helderman v. Mills Co., supra,* p. 628.

Upon the facts found, we do not think the judgment should be set aside on the most liberal construction of the act. The court below found that defendants were to blame. "That the defendants and their attorney had not exercised due diligence in the defense of their cause." The case was calendared for trial at the March Term, 1934, of the Superior Court of Madison County, N. C. Defendants brought their attorney with them from another county. A motion was made to the court by their attorney, the defendants being present, to continue the case. The court denied this motion. The defendants and their attorney left the court without any definite agreement with the court or the attorneys for the opposition and never returned to defend the case.

We do not think *Sutherland v. McLean et al.*, 199 N. C., 345, cited by defendants, applicable to the facts in this case. In that case the client was relying on his attorney and had no personal knowledge of the situation. In the present case, the defendants were in court and knew that the court had refused to continue their case; notwithstanding this, they and their attorney left the court without any definite agreement with the court or with the opposing counsel.

For the reasons given, the judgment of the court below is

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.