LELAND HOOKS, EARL HOOKS, AND JULIUS HOOKS, BY THEIR NEXT FRIEND, S. H. HOOKS, v. E. V. NEIGHBORS, INDIVIDUALLY, E. V. NEIGHBORS, EXECUTOR OF THE ESTATE OF E. G. TALTON, AND MRS. JANE TALTON AND MRS. MAUDE EVANS.

(Filed 17 March, 1937.)

**Judgments § 23—**

A party moving to set aside a judgment for surprise, excusable neglect, etc., C. S., 600, must allege facts in her affidavit showing a meritorious defense, and a mere allegation of nonliability and that she has a meritorious defense is insufficient.

APPEAL by defendant Maude Evans from *Cranmer, J.*, at September Term, 1936, of JOHNSTON. Affirmed.

The judgment of the court below is as follows: "The above cause coming on to be heard before the undersigned judge presiding at the September Term, 1936, of the Superior Court of Johnston County, upon the motion of the defendant Maude Evans to set aside the judgment herein entered at the January Term, 1934, of the Superior Court of Johnston County. And it appearing to the court that summons in said cause was duly issued and served upon the said Maude Evans, together with a copy of the petition on 8 January, 1929, and that she duly appeared and answered in said cause. And it further appearing to the court that the matters in controversy were heard before the clerk of the Superior Court and judgment entered in favor of the petitioners on 11 February, 1929, and that the notice of appeal entered from said judgment pended until the January Term, 1934, at which time counsel for all parties appeared in open court and stated to the court that the defendants did not intend to pursue the appeal but abandoned the same, and interposed no objection to the confirmation of the clerk's judgment. And it appearing to the court further that there has been no excusable neglect and that the defendant Maude Evans had her day in court, and that the judgment of the clerk of the Superior Court has become final and binding on all parties. It is now therefore ordered, adjudged, and decreed that the motion to set aside the judgment be and the same is hereby denied.

E. H. CRANMER, *Judge Presiding."*

To the above judgment the defendant Maude Evans made numerous exceptions and assignments of error, mainly on the ground that the court below had no evidence on which to base the findings of fact in the judgment: "(1) That there has been no excusable neglect on the part of Maude Evans; (2) That Maude Evans had her day in court; (3) That at January Term, 1934, through counsel, Maude Evans abandoned her appeal; (4) That the judgment of the clerk of the Superior Court has become final and binding on all parties; (5) That the court refused to set aside the judgment signed by Judge Clayton Moore, on account of her attorney representing adverse parties and interests; (6) That the court refused to find facts upon the evidence as requested; (7) That the court deprived the appellant of her right to prepare statement of case on appeal."

*Abell & Shepard for plaintiffs.*
*A. M. Noble for defendant Maude Evans.*

PER CURIAM. We do not think any of the exceptions and assignments of error made by Maude Evans can be sustained.

This was a civil action brought by plaintiffs against defendants. Maude Evans was served with summons on 8 January, 1929. Petition was duly filed. The prayer was: "That some suitable, competent, and fit person be appointed trustee to fill the vacancy created by the death of the said E. G. Talton, and that upon said appointment, judgment be rendered requiring E. V. Neighbors, executor of the estate of the said E. G. Talton, to pay over to such trustee the sum of $3,000 in cash, to be held by such trustee for the purposes and benefits of the said trust."

The defendants, including Maude Evans, answered, practically admitting the allegations of the petition, and pray: "(1) That the prayer of the petitioners be denied or postponed until the estate of E. G. Talton shall have been settled; (2) That the question of the interest on these funds which must first be separated from the assets of the estate of E. G. Talton and then disposed of or invested under the orders of this court shall be postponed until the estate of E. G. Talton is settled."

On 11 February, 1929, the clerk of the Superior Court rendered the following judgment: "The above entitled cause coming on to be heard before the undersigned clerk of the Superior Court of Johnston County, upon the petition herein for the appointment of a trustee to take over a trust fund of $3,000 created by the late Rhoda Pittman under the last will and testament; and it appearing to the court upon the hearing that E. G. Talton, deceased, was trustee for said fund under the will of Rhoda Pittman, deceased, and that the will of the said Rhoda Pittman contained no provision for the appointment of a successor to the said E. G. Talton, and the court finding as a fact that upon the death of said E. G. Talton said office of trustee became and is vacant; it is now therefore ordered, adjudged, and decreed that S. H. Hooks, father and general guardian of the infant petitioners named herein be and he is hereby appointed trustee to fill the vacancy created by the death of the said E. G. Talton, the court finding that said S. H. Hooks to be a suitable, competent, and fit person to act as trustee herein. It is the further judgment of the court that the said S. H. Hooks, as trustee, give bond in the sum of $6,000, with such surety as may be acceptable to the court before any funds shall come into his hands; and it is further ordered, adjudged, and decreed that E. V. Neighbors, executor of the estate of E. G. Talton, deceased, out of the first monies coming into his hands, pay over to the said S. H. Hooks, trustee, the sum of $3,000 to be held by such trustee for the purposes and benefits of the trust created by the last will and testament of Rhoda Pittman, deceased. This 11 February, 1929. H. V. Rose, clerk Superior Court." The defendants appealed to the Superior Court.

On 16 January, 1934 (January Term), the judgment of Judge Clayton Moore was as follows: "The above cause coming on to be heard

before the undersigned judge of the Superior Court presiding at the January Term, 1934, upon the appeal entered by the defendant to the judgment of the clerk of the Superior Court in February, 1929; and it appearing to the court that the defendant has abandoned the appeal, it is now therefore ordered, adjudged, and decreed that the judgment of the clerk of the Superior Court in this cause as of ... February, 1929, be and the same is hereby, in all respects, approved and confirmed. This 16 January, 1934.

CLAYTON MOORE, <em>Special Judge Presiding.</em>"

On 6 September, 1936, Maude Evans filed an affidavit setting forth certain facts and prayed that the judgment be set aside, and also "That this affiant specifically says that the estate of E. G. Talton is not indebted to anyone, making necessary the sale of this affiant's land, and this affiant has a meritorious defense to this cause of action."

We take it that the motion to set aside the judgment is made under N. C. Code, 1935 (Michie), sec. 600, which is, in part, as follows: "The judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, verdict, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding," etc.

In order to set aside a judgment for mistake, surprise, or excusable neglect, there must be a showing of a meritorious defense so that the courts can reasonably pass upon the question whether another trial, if granted, would result advantageously for the defendant. *Farmers, etc., Bank v. Duke,* 187 N. C., 386; *Hill v. Huffines Hotel Co.,* 188 N. C., 586; *Fellos v. Allen,* 202 N. C., 375.

A judgment may be set aside under this section if the moving party can show excusable neglect and that he has a meritorious defense. *Dunn v. Jones,* 195 N. C., 354, 356; *Henderson Chevrolet Co. v. Ingle,* 202 N. C., 158; *Bowie v. Tucker,* 206 N. C., 56, 59.

In the affidavit of Maude Evans there are no facts set forth showing a meritorious defense. To say the estate is not indebted and she has a meritorious defense is not sufficient. She must give the facts so that the court may see what her defense is. The court below, in the judgment, did not find that she had a meritorious defense. The findings of facts by the court below were supported by the evidence appearing in the record. The statement of the case on appeal presents clearly the controversy. Maude Evans was served with summons on 8 January, 1929, and made affidavit to set aside the judgment of January Term, 1934, on 6 September, 1936, years afterwards.

For the reasons given, the judgment of the court below is

Affirmed.