R. E. CAYTON v. G. A. CLARK AND MASON HOWARD.

(Filed 3 November, 1937.)

**Judgments § 23—**

A denial of a motion to set aside a judgment under C. S., 600, will not be disturbed on appeal when there is neither allegation nor finding of a meritorious defense, and the Supreme Court will not consider affidavits for the purpose of finding facts in motions of this sort.

APPEAL by defendant, Mason Howard, from *Cranmer, J.,* at May Term, 1937, of PITT.

Motion made under C. S., 600, to vacate judgment on ground of excusable neglect.

The case was tried at the April Term, 1937, of Pitt Superior Court, in the absence of the defendant and his then counsel (he is now represented by other counsel), albeit the case was regularly set as the first on the calendar for Monday, 19 April, and continued until late in the afternoon of that day to await the arrival of defendant's counsel who lived in Kinston, a distance of thirty miles from Greenville, but who failed to appear.

The judge found the facts relative to defendant's alleged excusable neglect and denied the motion. Defendant appeals.

*Roberts & Williford for plaintiff, appellee.*
*John G. Dawson for defendant, appellant.*

STACY, C. J. Even if it be conceded that upon the facts found by the judge the question of excusable neglect may fairly be debatable under the decision in *Sutherland v. McLean,* 199 N. C., 345, 154 S. E., 662 (delimited in *Carter v. Anderson,* 208 N. C., 529, 181 S. E., 750; *Kerr v. Bank,* 205 N. C., 410, 171 S. E., 367, and *Dail v. Hawkins,* 211 N. C., 283, 189 S. E., 774), still the judgment would seem to be correct as there is neither allegation nor finding of any meritorious defense. This is fatal to appellant's case. *Bowie v. Tucker,* 197 N. C., 671, 150 S. E., 200; *Bank v. Duke,* 187 N. C., 386, 122 S. E., 1; *Land Co. v. Wooten,* 177 N. C., 248, 98 S. E., 706; *School v. Peirce,* 163 N. C., 424, 79 S. E., 687; *McLeod v. Gooch,* 162 N. C., 122, 78 S. E., 4; *Hardware Co. v. Buhmann,* 159 N. C., 511, 75 S. E., 731; *Norton v. McLaurin,* 125 N. C., 185, 34 S. E., 269; *Taylor v. Gentry,* 192 N. C., 503, 135 S. E., 327; *Albertson v. Terry,* 108 N. C., 75, 12 S. E., 892. "We do not consider affidavits for the purpose of finding facts ourselves in motions of this sort." *Gardiner v. May,* 172 N. C., 192, 89 S. E., 955; *Holcomb v. Holcomb,* 192 N. C., 504, 135 S. E., 287.

It would be idle to vacate a judgment where there is no real or substantial defense on the merits. *Lumber Co. v. Cottingham,* 173 N. C., 323, 92 S. E., 9; *Land Co. v. Wooten, supra.* "Unless the court can now see reasonably that defendants had a good defense, or that they could make a defense that would affect the judgment, why should it engage in the vain work of setting the judgment aside?"—*Brown, J.,* in *Glisson v. Glisson,* 153 N. C., 185, 69 S. E., 55. "One who asks to be relieved from a judgment on the ground of excusable neglect must show merit, as otherwise the court would be asked to do the vain thing of setting aside a judgment when it would be its duty to enter again the same judgment on motion of the adverse party"—*Allen, J.,* in *Crumpler v. Hines,* 174 N. C., 283, 93 S. E., 780.

FARROW *v.* WHITE.

A party who seeks to be relieved from a judgment on the ground of excusable neglect or irregularity must show merit, otherwise the court would be engaged in the vain procedure of setting aside a judgment, when, if there be no defense, it would be its duty to enter the same judgment again on motion of the adverse party. *Woody v. Privett,* 199 N. C., 378, 154 S. E., 625; *Taylor v. Gentry, supra; Duffer v. Brunson,* 188 N. C., 789, 125 S. E., 619.

Affirmed.