## GEORGE ROEDIGER v. GUS SAPOS.

(Filed 2 February, 1940.)

1. **Trial § 2—**

   An appeal from the judgment of a justice of the peace in a summary ejectment has precedence over all other cases except those involving exceptions to homesteads, C. S., 2373, and is properly called upon demand at the beginning of the term of the Superior Court commencing next after the docketing of the appeal.

2. **Ejectment § 5—**

   The affidavit of plaintiff made in support of the summons in this proceeding in summary ejectment *is held* sufficient to state a cause of action, and defendant's motion to set aside the verdict rendered in the Superior Court upon appeal, on the ground that plaintiff failed to state a cause of action, was properly denied.

3. **Justices of the Peace § 4—**

   Pleadings in a magistrate's court are oral and will not be held insufficient for mere informality.

4. **Attorney and Client § 7—**

   When an attorney is retained generally to conduct a legal proceeding he enters into an entire contract to follow the proceeding to its termination, and he may withdraw from the case for good cause only by permission of the court after notice to the client, and the court should not permit him to withdraw in the absence of the client without showing that his client had been notified.

5. **Judgments § 22e—**

   The court's permitting counsel for defendant to withdraw from the case, upon the calling of the case for trial, in the absence of notice to defendant constitutes "surprise" under C. S., 600, but does not entitle defendant to have the judgment set aside in the absence of a showing of a meritorious defense.

**6. Attorney and Client § 4—**

A litigant has the right, as a matter of law, to be represented by counsel, who must, within reasonable bounds, be permitted to cross-examine the witnesses of his adversary.

**7. Judgments § 22e—Record held not to show that client was without notice that attorney would withdraw from case, and therefore motion to set aside verdict for surprise was properly denied.**

Defendant's case was called for trial at the beginning of the term, and counsel for defendant moved for a continuance, which motion was denied, and the case was set for trial during the afternoon. Upon the call of the case at that time defendant's counsel again moved for a continuance and upon denial of the motion stated that he would withdraw from the case and the court permitted him to withdraw therefrom in the absence of defendant. The case was tried and verdict rendered in plaintiff's favor, and defendant through new counsel moved that the verdict be set aside, as a matter of law, for surprise. The court found that the conduct of defendant and his counsel was for the purpose of forcing the continuance of the case. *Held:* The evidence supports the finding that defendant and his counsel were thus attempting to trifle with the court, and the Supreme Court will not assume that the withdrawal of counsel was other than with the knowledge and approval of defendant, and the denial of the motion to set aside is affirmed.

APPEAL by defendant from *Pless, J.,* at September Term, 1939, of FORSYTH. Affirmed.

This is a summary proceeding in ejectment instituted by plaintiff, landlord, against defendant, tenant, who holds over after the expiration of his lease, to obtain possession of a commercial building located on West 4th Street, in Winston-Salem, N. C.

The defendant was a tenant from month to month. He having failed to vacate on due notice at the end of his term, this action was instituted before a magistrate to eject the defendant from said premises. From a judgment in favor of the plaintiff the defendant appealed to the Superior Court.

When the cause came on for hearing in the Superior Court, the defendant being absent, his counsel moved for a continuance and offered in support thereof a doctor's certificate in which it was stated, "His (defendant's) health at this time does not permit him to be subjected to a trial." The court, being of the opinion that the certificate was not sufficient to justify a continuance, declined to continue the cause for the term but did continue it until the afternoon session for further investigation.

During the interim the court consulted the physician who signed the certificate and was told by the doctor that, "The condition of the defendant was that the defendant has a heart ailment and that his health is about the same condition now as it has been for several months, including the time at which this case was tried before the justice of the peace,

and that there is no likelihood that there will be any noticeable change in his condition for several months or that the defendant will be more likely to be able to attend trial at any time during the fall than he is at this time; that the defendant could attend trial without probable injury to himself but due to the nature of his ailment there is a remote possibility that the excitement of the trial might cause him to have an attack of serious consequence; that his condition was not such as would have prevented the taking a deposition at any time since the case was tried before the justice of the peace."

At the morning session, in answer to the motion to continue, counsel for plaintiff offered to waive notice of the taking of the defendant's deposition and to take it so that it could be used in the trial when the cause was called on Monday afternoon, which suggestion or offer was declined by the attorney for the defendant. Being then informed that the court did not feel justified in continuing the case, counsel for defendant stated that he thought he would withdraw as counsel.

When the case was again called for trial at the afternoon session (on Monday, the first day of the term), the defendant still being absent, counsel for defendant renewed his motion for a continuance. Being informed by the court that no sufficient cause for continuance had been presented, defendant's counsel stated that he wished to withdraw as counsel and the court permitted him to do so. The case was then called for trial and the court examined the jurors to determine that they were fair and impartial in respect to the defendant. After the conclusion of the plaintiff's testimony the court publicly asked if anyone wished to be heard in behalf of the defendant. In response the daughter of the defendant tendered herself as a witness and testified in behalf of the defendant. At the conclusion of the evidence appropriate issues were submitted to and answered by the jury in favor of the plaintiff.

The court further found:

"This cause involves the possession of certain business property in Winston-Salem, the defendant having known since April, 1939, that the premises had been or would be leased to another tenant for occupancy on August 1, 1939. The proposed new tenant has given up his former location and it has been rented to another merchant. Because of the failure of the defendant to move from the premises, three businesses are seriously affected. The court was of the opinion that the rights of the parties required that the case be speedily disposed of and in the exercise of its sound discretion, required the trial at this time, having first been informed of the position of the defendant at the trial of the justice's court, and being of the opinion that the defendant had no reasonable hope of succeeding in this litigation had he been present and represented by such attorney as he might have employed.

4—217

"The attorney for the defendant announced his withdrawal from the case upon the convening of court on Monday afternoon, the court being of the opinion that he sought by this means to obtain a continuance which had theretofore been denied, and the court being of the opinion that the case should be tried, required the same."

At the afternoon session both the defendant's bondsman upon his stay bond and the defendant's daughter expressed the desire that the defendant be given time to get new counsel and prepare for trial.

On Friday, 22 September, 1937, it being the Friday of the same week, the cause was tried, present counsel appeared and requested the court to find the facts upon the motion for continuance. The court found the facts herein summarized and the defendant excepted. Counsel then moved the court to set aside the verdict on the following grounds:

"(1) That the verdict should be set aside as a matter of law; and

"(2) That the plaintiff failed to state a cause of action."

The court overruled the motion on each cause assigned and the defendant then moved the court to set aside the verdict on the grounds of surprise and excusable negligence on the part of the defendant.

The defendant offered no evidence in support of either motion but the plaintiff, on the latter motion, offered evidence tending to show, and the court found, that the defendant had no meritorious defense to plaintiff's cause of action.

The court further found that "the defendant has not used diligence or any diligence towards preparing for this trial"; denied the defendant's motion to set aside the verdict and signed judgment upon the verdict rendered. The defendant excepted and appealed.

*Fred S. Hutchins and H. Bryce Parker for plaintiff, appellee.*

*Joe W. Johnson for defendant, appellant.*

BARNHILL, J. The trial before the magistrate was had approximately six weeks prior to the convening of the term of the Superior Court at which the cause was heard. On demand of counsel for the plaintiff the case in the Superior Court had precedence on the calendar over all other cases, except cases involving exceptions to homesteads. C. S., 2373. It was properly called for trial at the beginning of the term.

The defendant's motion to set aside the verdict for that the plaintiff failed to state a cause of action, even if deemed to have been in apt time, cannot be sustained. The affidavit of plaintiff made in support of the summons issued by the magistrate sufficiently states a cause of action in summary ejectment. Furthermore, pleadings in a magistrate's court are oral and will not be held insufficient for mere informality.

ROEDIGER *v.* SAPOS.

The defendant did not request the court to set aside the verdict in the exercise of its sound discretion, which discretion rested in the judge during the continuance of the term at which the case was tried. Therefore, no question of abuse of discretion is presented or supported by the record.

The defendant, in his brief, states the question presented for decision to be, "Is the defendant, Gus Sapos, entitled to a new trial on account of surprise and excusable neglect in this cause?" It is upon this one of the several motions made that the defendant now seems to rely.

It is now an accepted principle of law that when an attorney is retained generally to conduct a legal proceeding, he enters into an entire contract to follow the proceeding to its termination and hence cannot abandon the services of his client without sufficient cause and without giving proper notice of his purpose. *Branch v. Walker,* 92 N. C., 87; *Gooch v. Peebles,* 105 N. C., 411; *Gosnell v. Hilliard,* 205 N. C., 297, 171 S. E., 52; *Ladd v. Teague,* 126 N. C., 544; *Newkirk v. Stevens,* 152 N. C., 498, 67 S. E., 1013; *U. S. v. Currie,* 6 How., 106, 12 L. Ed., 363; *Tenny v. Berger,* 93 N. Y., 524, 45 A. L. R., 263. "An attorney who undertakes the conduct of an action impliedly stipulates to carry it to its termination and is not at liberty to abandon it without reasonable cause and reasonable notice." Weeks on Attorneys at Law, sec. 265.

The dual relation sustained by an attorney imposes upon him a dual obligation—the one to his client, the other to the court, *Waddell v. Aycock,* 195 N. C., 268, 142 S. E., 10; *Gosnell v. Hilliard, supra,* and he can withdraw from a pending action in which he is retained only by leave of the court, *Branch v. Walker, supra; Ladd v. Teague, supra; Gosnell v. Hilliard, supra,* and only after having given reasonable notice to the client. While an attorney may sever his relation with a client for good cause, his withdrawal should not be allowed by the court in the absence of the client without a showing that he has notified his client or without giving the client ample opportunity to be heard. *Spector v. Greenstein,* 85 Pa., sup., R., 177; *Gosnell v. Hilliard, supra.*

When defendant's counsel undertook to withdraw from the case at the moment the cause was ordered to trial the court below should have denied him the right to do so. If counsel insisted upon withdrawing or declined to participate in the trial in defense of his client's rights, he being an officer of the court, the judge had ample authority to require him to proceed in good faith. The conduct of the attorney in withdrawing from the case under the circumstances disclosed by this record, inadvertently participated in by the judge in allowing such conduct, if the defendant had no notice of such purpose, constitutes "surprise" under C. S., 600. *Manning v. R. R.,* 122 N. C., 824, 28 S. E., 963; *Gosnell v. Hilliard, supra.*

But the existence of surprise or excusable negligence standing alone is not sufficient under the terms of C. S., 600, to justify or require the vacation of a verdict or judgment by the court. It must further appear that the defendant has a meritorious cause of action or defense. *Gosnell v. Hilliard, supra; Sutherland v. McLean,* 199 N. C., 345, 154 S. E., 662; *Parham v. Hinnant,* 206 N. C., 200, 173 S. E., 26; *Parham v. Morgan,* 206 N. C., 201, 173 S. E., 27; *Gooch v. Peebles, supra; Hooks v. Neighbors,* 211 N. C., 382, 190 S. E., 236. In the *Parham* cases both the plaintiff and counsel were excusably delayed in arriving in court. When they appeared the case had already been called for trial and dismissed as of nonsuit for failure of the plaintiff to appear and prosecute his action. Upon a motion to reinstate the court heard the evidence from which it found that plaintiff's cause of action was without merit and declined to reinstate. These judgments were affirmed on appeal.

The defendant moved to set aside the verdict as a matter of law. He failed to point out in the motion wherein the verdict was deficient. Neither does he direct our attention to any legal defect in the verdict in his brief. If we assume that the defendant intended thereby to attack the validity of the verdict for the reason that it was rendered at a time when he had been deprived by the court of the right to have counsel present at the trial, and such contention was supported by the record, then a most serious question would be presented. Whether the litigant is present in court or not when a case is tried he has the right, as a matter of law, to be represented by counsel who must, within reasonable bounds, be permitted to cross-examine the witnesses of his adversary. *S. v. Roberson,* 215 N. C., 784, 3 S. E. (2d), 277, and to argue the cause before a jury. *Howard v. Telegraph Co.,* 170 N. C., 495, 87 S. E., 313; *Puett v. R. R.,* 141 N. C., 332; *Irvin v. R. R.,* 164 N. C., 6. However, to so assume requires us to venture outside the record. Furthermore, the defendant not only failed to offer evidence of meritorious defense but he likewise failed to offer any proof that he was unaware that his counsel would retire in the event the court declined to continue the cause, or that he was without notice thereof.

The court has found that the conduct of the defendant and of counsel was for the purpose of forcing the continuance of the case. The finding that they were thus attempting to trifle with the court is supported by the evidence in the record. Under these circumstances it is just as reasonable to conclude that the withdrawal of counsel was with the full knowledge and approval of the defendant as it is to presume that he had no knowledge thereof. Thus, on this record, it appears that there is no sound reason for disturbing the verdict or the judgment rendered thereon

by the court below. The court will not do a vain thing, and it is unwilling to put itself in the position of assuming a condition which does not appear from the evidence in order to help a litigant who has been so lacking in diligence in prosecuting a defense which is apparently without merit.

The judgment below is
Affirmed.