CHARLES ARTHUR CRAVER AND LUNA L. CRAVER v. WM. E. SPAUGH, ADMINISTRATOR OF LAURA HANES, DECEASED.

(Filed 5 June, 1946.)

**1. Judgments § 27a—**

The calendaring of a cause is notice thereof to the litigants, but when a cause is calendared for both the first and third weeks of a term, and counsel, having been advised that opposing counsel would seek to have it calendared for the third week, notes that it is so calendared, and so advises his clients, the oversight in failing to see that the case was calendared for the first week, at which time the case was called, will not be held against the clients.

**2. Executors and Administrators § 19—**

Where a claim against an estate is not referred, G. S., 28-111, and is rejected, action thereon is barred if not instituted within six months of receipt of written notice of the rejection, and the burden of proof is on claimants.

**3. Judgments § 27a—**

In order for plaintiff to be entitled to set aside a judgment of nonsuit on the ground of excusable neglect he must show the existence of a meritorious cause of action.

**4. Same—**

Plaintiffs instituted this action on a claim against an estate more than six months after receipt of written notice of rejection. Defendant pleaded G. S., 28-112, in bar. Plaintiffs alleged in their reply that defendant had agreed not to plead the statute, but offered no evidence in support thereof. Defendant testified he made no such agreement. *Held:* Using plaintiffs' verified pleading as evidence on this point, it is not conclusive or irrebuttable, and the trial court's finding upon the conflicting evidence that plaintiff had no meritorious cause is conclusive on appeal.

**5. Judgments § 14—**

Where plaintiff is not present when his cause is called for trial and defendant makes no demand for affirmative relief, judgment that plaintiff recover nothing is essentially a judgment of nonsuit or dismissal, and the fact that the court heard defendant's evidence and submitted issues to the jury is not so irregular as to constitute a fatal defect.

DEVIN, J., dissenting.

APPEAL by plaintiffs from *Pless, J.,* at March Term, 1946, of FORSYTH. Affirmed.

Civil action heard on motion under G. S., 1-220, to set aside final judgment entered at a former term.

Plaintiffs instituted this action on three alleged causes of action: (1) for personal services to the defendant's intestate, (2) for the value of

.certain securities delivered to defendant, and (3) for services rendered defendant. The defendant, answering, denies the material allegations in the complaint and pleads the bar of the statute. G. S., 28-112. The plaintiffs in reply admit their claim was filed and that they waited until 8 August, 1945, to institute an action on their claim, but allege there was no agreement to refer and defendant agreed not to plead any statute of limitations.

The suit instituted 8 August, 1945, was dismissed by judgment of voluntary nonsuit at the September Term, 1945. This action was instituted 21 November, 1945. It was calendared for trial 21 January, 1946, and was called 30 January, 1946. After some discussion it was continued to be set at the next term. The cause was then calendared for trial during the first week and also during the third week of the February Term. Counsel for plaintiffs received a copy of the calendar and noted the setting during the third week but failed to note the first week setting. They advised their clients to prepare for trial during the third week.

The case was duly reached and called for trial during the first week. The court made a diligent effort to contact counsel for plaintiffs but was unable to do so for the reason that he was necessarily out of the State on other business. It proceeded to trial and entered judgment that plaintiffs recover nothing.

Upon his return, counsel, discovering that judgment had been entered in his absence, promptly filed this motion to vacate for excusable neglect.

Upon the hearing the court upon the evidence offered found and concluded: (1) that the neglect of plaintiffs was not excusable, and (2) plaintiffs do not have a meritorious cause of action. It thereupon entered judgment denying the motion, and plaintiffs appealed.

*Walser & Wright for plaintiffs, appellants.*
*Ratcliff, Vaughn, Hudson & Ferrell for defendant, appellee.*

BARNHILL, J. We have held that it is the duty of a litigant to keep himself advised as to the time his cause is calendared for trial, and, when it is so calendared, he is fixed with notice thereof. *Cahoon v. Brinkley,* 176 N. C., 5, 96 S. E., 650. Even so, plaintiffs here employed well-known and capable counsel who regularly practice in the courts of Forsyth County. They were notified by counsel that the cause was calendared for the third week. They relied on this information. So then, it might well be conceded that the oversight of counsel is not to be held against them.

But that is not the decisive fact here. The defendant offered evidence tending to show that plaintiffs, on 21 July, 1942, filed with him a verified

statement of their claim; that on 25 July, 1942, plaintiffs were notified in writing of the rejection thereof; that the claim was not referred, G. S., 28-111, and that plaintiffs did not institute suit on said claim until 21 November, 1945, more than six months after written notice of the rejection thereof. This evidence tends to establish a complete plea in bar. G. S., 28-112. The burden of proof was on the plaintiffs. Yet they did not attempt to refute this testimony. Nor did they offer any evidence of an agreement by defendant not to plead the statute, G. S., 28-112, other than the bare statement contained in their reply, although defendant went on the stand and swore he made no such agreement. Upon this and the other evidence offered, the court below found and concluded: "Plaintiffs do not have a meritorious cause of action, and have no reasonable hope of successfully prosecuting their alleged claims."

Existence of a meritorious cause of action is a prerequisite to relief on the motion to vacate the former judgment. *Roediger v. Sapos,* 217 N. C., 95, 6 S. E. (2d), 801; *Garrett v. Trent,* 216 N. C., 162, 4 S. E. (2d), 319; *Cayton v. Clark,* 212 N. C., 374, 193 S. E., 404; *Hooks v. Neighbors,* 211 N. C., 382, 190 S. E., 236; *Parham v. Hinnant,* 206 N. C., 200, 173 S. E., 26; *Parham v. Morgan,* 206 N. C., 201, 173 S. E., 27; *Bowie v. Tucker,* 197 N. C., 671, 150 S. E., 200; *Cahoon v. Brinkley, supra.*

The finding that plaintiffs have no meritorious cause of action is supported by competent evidence and is conclusive on appeal. *Kerr v. Bank,* 205 N. C., 410, 171 S. E., 367; *Carter v. Anderson,* 208 N. C., 529, 181 S. E., 750; *Crye v. Stoltz,* 193 N. C., 802, 138 S. E., 167; *Allen v. McPherson,* 168 N. C., 435, 84 S. E., 766: It is binding on us. *Turner v. Grain Co.,* 190 N. C., 331, 129 S. E., 775; *Gaster v. Thomas,* 188 N. C., 346, 124 S. E., 609.

On motions of this kind the movent is out of court by judgment entered. He is seeking to have the court exercise its discretionary power to relieve him of the results of his own or his counsel's negligence. He must then and there satisfy the judge that he has a cause of action or defense upon which he should be heard. While the verified complaint may be used as evidence on this point, the allegations therein are not conclusive or irrebuttable. Neither will they override a finding of the judge made on conflicting testimony. The judge decides the question after consideration of all the evidence and, having decided, his finding is conclusive.

While the court at the February Term proceeded to hear evidence and submit issues there was nothing to be heard. The plaintiffs were not present and, of course, offered no evidence, and there was no demand by defendants for affirmative relief. Yet the judgment is essentially a

judgment of nonsuit or dismissal. The irregular proceeding does not affect its essential nature as such or constitute a fatal defect therein.

For the reasons stated the judgment below is

Affirmed.

DEVIN, J., dissenting: The decision is made to turn upon the failure of the plaintiffs to show that their cause of action was brought within the time allowed by the statute of limitations pleaded by the defendant. G. S., 28-112. But the plaintiffs have filed a verified reply to the defendant's answer in which they allege that pending negotiations between plaintiffs and the defendant for a settlement of the plaintiffs' claim "the defendant agreed that he would not plead any statute or statutes of limitation which might arise . . . until all negotiations as to a settlement of the claim or claims of plaintiffs against defendant were concluded, and that said negotiations extended to the date of the bringing of the action, and plaintiffs plead this agreement in bar of defendant's plea of the statute of limitations." Plaintiffs allege that in reliance upon this agreement, and pending negotiations, they delayed action.

The question is not determined by the judge's finding on plaintiffs' motion to set aside the judgment that plaintiffs do not have a meritorious cause of action. Admittedly plaintiffs alleged a good cause of action in their complaint. The trial judge could not determine the cause by a finding on a material fact which was at issue, and this Court is not bound by his finding. All he could do was to determine whether a cause of action had been alleged. If so, and the plaintiffs were not inexcusably negligent, they were entitled to have the judgment set aside, and remain in court.

I do not think the judge's action in denying the motion because he was of opinion the plaintiffs did not have a meritorious cause of action should now preclude the plaintiffs from an opportunity to prove the facts which they had alleged. On this motion, the question is not one of evidence to be decided by the judge, but of pleadings. The plaintiffs' right to stay in court at this stage of the litigation must be determined by what they have alleged. *Gaylord v. Berry,* 169 N. C., 733, 86 S. E., 623.

The plaintiffs' failure to appear at the previous term having been shown to be due to no culpable negligence on their part, the question remaining is this: Did the plaintiffs allege sufficient facts which if true would entitle them to present their evidence to the jury? If so, they have set out a meritorious cause of action. I think the plaintiffs' motion should have been allowed.